PARKS, Appellant,

v.

**BALTIMORE & OHIO RAILROAD, Appellee.**

[Cite as *Parks v. Baltimore & Ohio RR.* (1991), 77 Ohio App.3d 426.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 59894.

Decided Sept. 30, 1991.

*Watson & Watson* and *Michael Troy Watson*, for appellant.
*Squire, Sanders & Dempsey* and *Damond R. Mace*, for appellee.

---

SPELLACY, Judge.

This appeal arises out of a personal injury complaint filed on July 28, 1986, by plaintiff-appellant J.C. Parks ("appellant") against his employer defendant-appellee, Baltimore & Ohio Railroad[1] ("appellee").

On April 25, 1988, the attorneys for the parties entered into a stipulation for dismissal, journalized by the trial court, in which they stipulated that "pursuant to a settlement between the parties, all claims are settled and dismissed with prejudice at each party's own cost." Later, appellant obtained new counsel and, on April 11, 1990, filed a motion "to vacate [the April 25, 1988 judgment] and/or in the alternative for new trial and sanctions against * * * [appellee]." In its brief in opposition to appellant's motion, appellee argued that appellant's motion was frivolous and moved for sanctions against appellant's attorney pursuant to Civ.R. 11.

On April 26, 1990, the trial court overruled appellant's motion. In addition, in a separate journal entry journalized on the same day, the trial court granted appellee's motion for sanctions and ordered appellant's attorney to pay appellee $350 to cover expenses incurred in responding to appellant's motion.

Appellant filed a timely notice of appeal and raises two assignments of error:

---

1. During the pendency of this case the parties stipulated that "the name of defendant in this action should be and the caption should hereafter read 'Baltimore and Ohio Railroad' as defendant rather than 'Chessie System Railroads', as defendant."

"I. The trial court erred in overruling plaintiff/appellant's motion to vacate and/or in the alternative for a new trial and sanctions against the defendant for the reasons that plaintiff had properly met his burden and obligation in justification of his motion in consideration of the jury determination [*sic*] of September 28, 1989 as against his attorney in the case of Steffen vs. J.C. Parks, case Number: 156067, Judge Thomas Matia (jury trial).

"II. The court is in error in awarding judgment of sanctions in the amount of three hundred fifty dollars ($350.00) as against 'Michael Troy Watson'[2] on April 26, 1990."

This court lacks jurisdiction to address either of appellant's assignments of error.

## I

App.R. 3(C) provides in pertinent part "[t]he notice of appeal * * * shall designate the judgment, order or part thereof appealed from * * *." Appellant's notice of appeal only designates the trial court's order imposing sanctions against appellant's attorney as the order or judgment appealed from.

App.R. 3 must be construed in light of the purpose of a notice of appeal, which is to notify appellees of the appeal and advise them of "just what appellants * * * [are] undertaking to appeal from." *Maritime Manufacturers, Inc. v. Hi–Skipper Marina* (1982), 70 Ohio St.2d 257, 258–259, 24 O.O.3d 344, 345, 436 N.E.2d 1034, 1036. This court has previously held that we are without jurisdiction to review a judgment or order which is not designated in the appellant's notice of appeal. *Schloss v. McGinness* (1984), 16 Ohio App.3d 96, 97–98, 16 OBR 101, 103, 474 N.E.2d 666, 668. See, also, *Carey v. Carey* (1983), 9 Ohio App.3d 243, 246, 9 OBR 416, 419, 459 N.E.2d 626, 629. *Maritime,* on the other hand, reached the opposite conclusion, holding that an appellate court did not lack jurisdiction to hear an appeal even though the "notice of appeal mistakenly specified that the appeal was taken from the order denying the motion for new trial rather than from the final judgment entered on the merits." *Maritime, supra,* at 258, 24 O.O.3d at 345, 436 N.E.2d at 1035.

*Maritime,* however, is distinguishable from the instant case. In *Maritime,* the order denying the motion for new trial was linked to the final judgment entered on the merits and, as the court noted, the appellee should have been aware of what appellee was appealing. In the instant case, the two orders are clearly separate—one relates to the merits of the case and the other imposes

---

2. Watson is appellant's attorney.

sanctions on counsel. As a result, there was no reason for appellee to suspect that appellant intended to appeal from the trial court's overruling of appellant's motion. Thus, we find that we are without jurisdiction to review the trial court's order overruling appellant's motion.

Accordingly, appellants' first assignment of error is not properly before this court.

## II

Appellant is the only party appealing from the trial court's order imposing sanctions against his attorney. A party lacks standing to appeal the imposition of sanctions pursuant to Civ.R. 11 upon his attorney. *Pegues v. Freedom Federal S. & L. Assn.* (March 23, 1989), Franklin App. No. 88AP–631, unreported, at 5–6, 1989 WL 27170. Thus, we lack jurisdiction over appellant's second assignment of error.

Accordingly, appellant's second assignment of error is not properly before this court.

## III

In its brief, appellee argues appellant's appeal is frivolous and requests that this court require appellant and his attorney to pay reasonable attorney fees and costs pursuant to App.R. 23.[3]

"A frivolous appeal under App.R. 23 is essentially one which presents no reasonable question for review." *Talbott v. Fountas* (1984), 16 Ohio App.3d 226, 16 OBR 242, 475 N.E.2d 187. There is no basis for finding that no reasonable question was presented for review when an appeal is dismissed without any consideration of the merits. *Id.*

In the instant case, we did not reach the merits because we lack jurisdiction. As a result, we find appellee's request for attorney fees and costs not well taken.

*Appeal dismissed.*

MATIA, P.J., and PATRICIA A. BLACKMON, J., concur.

---

**3.** App.R. 23 provides:
   "If a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs."