JOURNAL ENTRY AND OPINION
Defendant-appellant Marvin Leek ("appellant") has filed a delayed appeal from his guilty plea on the charges of felonious assault and aggravated burglary. Appellant assigns the following errors for our review:
 I. THE TRIAL COURT ERRED BY FAILING TO HOLD A HEARING ON THE MOTION TO VACATE HIS PLEA IN VIOLATION OF APPELLANT'S DUE PROCESS RIGHTS.
 II. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED UNDER ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
Finding appellant's assignments of error to lack merit, the judgment of the trial court is affirmed.
 I.
On July 15, 1997, the grand jury issued a two-count indictment against appellant and his co-defendant, Curtis Pope. Count one of the indictment charged appellant with felonious assault in violation of R.C. 2903.11. Count two charged appellant with aggravated burglary in violation of R.C. 2911.11. Both counts of the indictment contained a repeat violent offender specification and notice of prior conviction. At his arraignment on July 30, 1997, appellant pleaded not guilty to the charges set forth in the indictment.
Trial commenced on September 23, 1997. Prior to the completion of the prosecution's case-in-chief, appellant accepted a plea agreement. On September 25, 1997, appellant entered a plea of guilty to-felonious assault and aggravated burglary as charged in the indictment. The trial court then sentenced appellant to concurrent prison terms of eight years on each count of the indictment, to be served consecutive to a previously imposed prison sentence.
On March 24, 1998, appellant filed a motion to withdraw his guilty plea. In a journal entry filed on April 15, 1998, the trial court denied appellant's motion to withdraw his guilty plea. On the same date, appellant filed pro se the underlying notice of appeal and motion, to file a delayed appeal from the original judgment and sentence imposed by the trial court.
On May 15, 1998, appellant's attorney filed an appeal from the trial court's order denying appellant's motion to withdraw his guilty plea. This court dismissed that appeal sua sponte for failure to file the record.
 II.
In his first assignment of error, appellant asserts that the trial court erred by denying his motion to withdraw his guilty plea without conducting an evidentiary hearing.
On April 15, 1998, appellant filed a notice of appeal and a motion for leave to file a delayed appeal from the original judgment and sentence imposed by the trial court on September 30, 1997. Appellant's notice of appeal failed to challenge the journal entry dated April 15, 1998, wherein the trial court denied appellant's motion to withdraw his guilty plea.[1]
This court has consistently held that an appellate court lacks jurisdiction to review a judgment or order which is not designated in the appellant's notice of appeal. See Parks v.Baltimore Ohio R.R. (1991), 77 Ohio App.3d 426, 428-429; Statev. Standberry (February 15, 1996), Cuyahoga App. No. 69079, unreported; State v. Church (November 2, 1995), Cuyahoga App. No. 68590, unreported.
Based upon the foregoing, this court lacks jurisdiction to review the order denying appellant's motion to withdraw his guilty plea. Appellant's first assignment of error is dismissed.
 III.
As for his second assignment of error, appellant claims that he was denied effective assistance of counsel during his guilty plea and sentencing hearing.
The crux of appellant's argument is his purported plea agreement with the prosecution whereby appellant would have been sentenced to a prison term of five years. After appellant entered his guilty plea, the prosecutor allegedly reneged on the purported plea agreement and recommended to the trial court that it give appellant "a substantial sentence that would even come close to the maximum allowed under law." The trial court then sentenced appellant to two concurrent eight-year prison terms.
Appellant contends that his trial counsel's inaction during his guilty plea and sentencing hearing, viz., the failure of his trial counsel to object or otherwise mention the purported plea agreement, constituted ineffective assistance of counsel.
In order to prevail on a claim of ineffective assistance of counsel upon entry of a guilty plea, a defendant must meet the test set forth in Strickland v. Washington (1984), 466 U.S. 668. Under this test, the defendant must first show that counsel's performance was deficient and second, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty * * *." State v. Xie
(1992), 62 Ohio St.3d 521, 524, quoting Hill v. Lockhart (1985),474 U.S. 52, 59.
The burden is on the defendant to prove ineffectiveness of counsel. State v. McNeill (1998), 83 Ohio St.3d 438, 451. The defendant cannot meet his burden by making bare allegations that find no support in the record. State v. Stewart (November 19, 1998), Cuyahoga App. No. 73255, unreported, citing State v. Smith
(1985), 17 Ohio St.3d 98. In the instant case, a review of the record on appeal fails-to support appellant's contention that he was promised a five year prison sentence. In fact, a review of appellant's guilty plea and sentencing hearing supports the opposite conclusion.[2]
Under these circumstances, appellant has failed to support his claim that his trial counsel's performance during his guilty plea and sentencing hearing constituted ineffective assistance of counsel. Accordingly, appellant's second assignment of error is overruled. The judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court to carry this judgment into execution. The Defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, P.J. and JAMES D. SWEENEY, J. CONCUR.
 _______________________________ LEO M. SPELLACY JUDGE
[1] On May 15, 1998, defense counsel filed a notice of appeal from the trial court's decision to deny appellant's motion to withdraw his guilty plea. This court dismissed that appeal suasponte at appellant's cost for failure to file the record.
[2] At the hearing, the colloquy included the following:
 THE COURT: Have any threats or promises been made to you in order to induce you into entering this plea
MR. LEEK: No.
* * *
 THE COURT: Now, Mr. Leek, I could give you eight years for this case that you just plead guilty on?
MR. LEEK: I understand that.