Appellant Marquis Adkisson appeals from a judgment of the juvenile court finding him to be delinquent and committing him to the Ohio Department of Youth Services (ODYS). The commitment was for an indeterminate period from a minimum of twelve months up to a maximum period not to exceed his attainment of twenty-one years of age.
The record indicates that separate delinquency complaints in four different juvenile court cases were filed against Adkisson. The case numbers and charges if the offenses had been committed by an adult follow: Case No. 9805821, robbery; Case No. 9807434, assault; Case No. 9809835, rape; and Case No. 9813176, theft. The juvenile court scheduled, but later continued, a hearing concerning whether to bind the matter over to the common pleas court for trial as an adult. Adkisson was fourteen years of age when the rape delinquency charge was filed.
The record contains no order consolidating the four cases, but the court apparently conducted simultaneous proceedings on at least some occasions in all the cases. There are likewise no transcripts of any initial proceedings, when the trial judge may have explained the charges to Adkisson.
On January 20, 1999, Adkisson appeared, with his two court-appointed attorneys, before a successor judge at a scheduled pretrial. The parties agreed to resolve the matter by conducting a hearing and entering a set of admissions. At the outset of the hearing, the prosecutor recited the terms of the agreement negotiated by counsel: Adkisson was to enter admissions to the delinquency offenses of robbery, assault, and the reduced charge of attempted rape; in return, the prosecution agreed to dismiss the delinquency theft charge. The juvenile court judge asked one of Adkisson's attorneys whether that was her understanding. Counsel replied affirmatively.
The transcript of the January 20, 1999, proceedings reveals that the juvenile court did not personally explain the nature of any of the charges to Adkisson. Nor does the transcript contain any other indication that his counsel explained, or that Adkisson understood, the charges. The court explained the potential range of consequences for only the attempted rape and robbery delinquency charges, but not the assault charge. The court thereafter fully explained the rights Adkisson would waive if he entered an admission to the charges.
The trial court asked defendant whether he admitted or denied each charge seriatim. Adkisson admitted each of the three delinquency offenses, and the remaining theft charge was dismissed in accordance with the agreement. The court then accepted Adkisson's admissions. On February 8, 1999, the juvenile court journalized its finding of delinquency on the attempted rape charge in Case No. 9809835.
On March 18, 1999, the matter proceeded to a sentencing hearing on all the charges. Mokita Center evaluated Adkisson in connection with the attempted rape offense, concluded he presented a medium risk of engaging in another sexual offense, and recommended commitment to the ODYS, with review in ninety days. It did not consider the other delinquency complaints. Moreover, Adkisson missed two scheduled appointments with the Mokita Center and had several absences from school and his home detention since the recommendation. Adkisson's father stated he was unable to provide transportation because he had just obtained new employment.
At the conclusion of the hearing, the court orally announced that it would commit Adkisson to the Ohio Department of Youth Services for a minimum period of twelve months to a maximum period not to exceed his attainment of twenty-one years of age. The record indicates that on March 23, 1999, the juvenile court journalized its judgment in Case No. 9809835 on the attempted rape delinquency offense.
Adkisson pro se filed his notice of appeal. The notice of appeal challenged only his commitment in Case No. 9809835 on the attempted rape delinquency offense. This court of appeals granted his request for appointment of counsel and preparation of transcript at state expense. His brief on appeal seeks to challenge the validity of his admission to the charges in each of the three separate cases, as follows:
 THE TRIAL COURT ERRED BY ACCEPTING APPELLANT'S ADMISSIONS TO ATTEMPTED RAPE, ROBBERY AND ASSAULT BECAUSE APPELLANT WAS NOT FULLY INFORMED OF THE NATURE OF THE CHARGES AGAINST HIM AND THE CONSEQUENCES OF ENTERING AN ADMISSION TO ASSAULT IN VIOLATION OF RULE 29(D)(1) OF THE OHIO RULES OF JUVENILE PROCEDURE.
This assignment is well taken in part.
Prior to addressing the merits of Adkisson's argument, however, this court must address its jurisdiction in this matter. As noted above, the notice of appeal herein refers only to Juvenile Court Case No. 9809835 involving the attempted rape, and the order attached to the notice of appeal was entered only in Case No. 9809835. The record does not contain notices of appeal in the remaining juvenile court Case Nos. 9805821 and 9807434, involving the robbery and assault delinquency offenses.
It is well established that a court of appeals lacks subject matter jurisdiction to review judgments or orders not designated in a proper notice of appeal. See Parks v. Baltimore Ohio R.R. (1991), 77 Ohio App.3d 426; see also In re Brown (May 10, 1999), Scioto App. Nos. 98CA2598 and 98CA2599, unreported at p. 2. Because Adkisson did not file notices of appeals in juvenile court Case Nos. 9805821 and 9807434, we lack jurisdiction to address any arguments with respect to them.
After reviewing the record in the appeal from juvenile court Case No. 9809835 properly before this court, we find that the judgment must be reversed. Juv.R. 29(D) governs the taking of admissions and provides in pertinent part as follows:
 The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.
There is no dispute that the juvenile court addressed Adkisson personally when it explained the rights he was waiving under subsection (D)(2). The record does not establish, however, that the juvenile court determined Adkisson made the admission to attempted rape voluntarily with understanding of the nature of the allegations. See, e.g., In re Clark (May 12, 1999), Mahoning App. No. 96 C.A. 163, unreported at p. 4.
The record shows that the original delinquency charge of rape was amended to the lesser charge of attempted rape. The record reveals that the trial court did not explain the nature of the charge during the admission hearing. Nor is there anything during the hearing from which this court can conclude that the juvenile court substantially complied with Juv.R. 29(D)(1).
The record does not contain a transcript of the initial hearing when the original charge of rape might have been read or explained to him. There is likewise no transcript to indicate any explanation of the amendment to charge an attempted offense. Finally, there is no statement by the prosecutor or any defense counsel that counsel explained, in court or out of court, either the original or amended charge to the juvenile. Under the circumstances, the trial court improperly accepted Adkisson's admission to attempted rape and we are compelled to reverse.
Accordingly, Adkisson's sole assignment of error challenging the judgment against him in Juvenile Court Case No. 9809835 is hereby reversed and remanded for further proceedings.
This cause is reversed and remanded for further proceedings.
It is, therefore, ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
TIMOTHY E. McMONAGLE, J., and LEO M. SPELLACY, J., CONCUR.
 __________________________________ DIANE KARPINSKI, PRESIDING JUDGE