JOURNAL ENTRY and OPINION
Defendant-appellant Willis McNeal appeals from his guilty plea to murder (R.C. 2903.02) with a firearm specification. He argues that the trial court failed to advise him of his constitutional right to confrontation; that the trial court inadequately explained the element of aiding and abetting; and that the trial court failed to set forth findings of fact in denying his petition for post-conviction relief. We find no merit to the appeal and affirm.
Defendant was indicted in two different cases; in Case No. CR-346358, on two counts of aggravated murder with a firearm specification, one count of aggravated robbery, and one count of aggravated burglary; in Case No. CR-342260, on one count of drug abuse and one count of carrying a concealed weapon.
Defendant initially pleaded not guilty to both cases. On March 26, 1997, however, he retracted his not guilty pleas and entered a plea of guilty in Case No. CR-346358, to an amended count one, murder with a firearm specification. All remaining counts were nolled, including those in Case No. CR-342260. He was sentenced to fifteen years to life for murder and a mandatory three years for the firearm specification.
On May 9, 2000, this court granted the defendant's motion for a delayed appeal. He asserts two assignments of error.
 I. THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S GUILTY PLEA IN THE ABSENCE OF SUBSTANTIAL COMPLIANCE WITH CRIM.R. 11(C)(2) THEREBY DENYING APPELLANT DUE PROCESS OF LAW.
Defendant argues that the trial court failed to advise him of his constitutional right to confrontation and failed to adequately explain the element of aiding and abetting contained within the murder charge.
According to Boykin v. Alabama (1969), 395 U.S. 238, 243, a court, in accepting a guilty plea, must inform the defendant of certain constitutional rights. These constitutional rights are the privilege against compulsory self-incrimination, the right to a jury trial, and the right to confront accusers. A review of the record indicates the trial court stated in part as follows:
 Court: Do you understand, Mr. McNeal, that you're giving up your right to cross-examine, through your lawyers, the witnesses for the prosecution?
Defendant: Yes, ma'am.
(TR. at 12). We find this was sufficient to advise the defendant of his right to confront witnesses. The Ohio Supreme Court in State v. Ballard (1981), 66 Ohio St.2d 473, 480, held:
 * * * a rote recitation of Crim.R. 11(C) is not required, and failure to use the exact language of the rule is not fatal to the plea.
 Rather, the focus, upon review, is whether the record shows that the trial court explained or referred to the right in a manner reasonably intelligible to that defendant. To hold otherwise would be to elevate the formalistic litany of constitutional rights over the substance of dialogue between the trial court and the accused. This is something we are unwilling to do.
Since the record indicates that the court explained the defendant's right to confront witnesses in a manner reasonably intelligible to the defendant, there is no error.
We also find the trial court did not err by failing to explain the meaning of aiding and abetting to the defendant. A review of the record indicates the following colloquy:
 Court: And you heard Mr. Bombik ask the Court to amend or change the first count of the indictment to read that you did on or about May 30th 1996, in Cuyahoga County, purposely caused the death of another, to wit, David White, on an aiding and abetting theory. Do you understand that so far?
Defendant: Yes.
* * *
 Court: And did you understand that by pleading guilty to that amended count one here today, Mr. McNeal, you are admitting that you are guilty of each and every element of the offense of murder, and the fact that you did have a firearm on or about your person or under your control at the time of the commission of the offense?
Defendant: Yes, ma'am.
 Court: Okay. And you also understand — did you have a question?
 Defendant: I didn't understand. I did not have gun at the time, but he told me aiding and abetting.
Court: Under the aiding and abetting theory.
Defendant: Okay, I understand.
(TR. at 15-16.) The record indicates that the defendant initially did not understand how he could be guilty of using a firearm when he did not have the gun. However, it appears once his memory was refreshed regarding the fact he was pleading to aiding and abetting he understood. This is evident given the fact that he said I didn't understand instead of I do not understand.
Although the defendant did state later, I didn't shoot the man, he was not denying his involvement in the murder. Instead, it was said in the context of his effort to extend his apology to the victim's family even though he was not the one who pulled the trigger.
Defendant's first assignment of error is without merit.
 II. THE TRIAL COURT ERRED IN FAILING TO MAKE FINDINGS OF FACT AND CONCLUSIONS OF LAW UPON DENYING APPELLANT'S PETITION FOR POST-CONVICTION RELIEF.
Defendant argues that the trial court erred in failing to make findings of fact and conclusions of law in its order denying the defendant's petition for post-conviction relief.
App.R. 3(D) provides in pertinent part: [t]he notice of appeal * * * shall designate the judgment, order or part thereof appealed from * * *. Defendant's notice of appeal only designates the trial court's order entering the defendant's guilty plea as the order being appealed. We therefore find we do not have jurisdiction to consider this assignment of error. Parks v. Baltimore Ohio RR. (1991), 77 Ohio App.3d 426, 428.
Defendant's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _________________________ COLLEEN CONWAY COONEY, J.