OPINION
Defendant-appellant Kevin Skinner [hereinafter appellant] appeals from the June 20, 2000, Judgment Entry of the Stark County Court of Common Pleas, Juvenile Division. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On January 13, 2000, appellant was charged with one count of felonious assault, in violation of R. C. 2903.11. An adjudicatory hearing was held before a Magistrate on May 31, 2000, and June 9, 2000. At the conclusion of the hearing, the Magistrate recommended that appellant be found delinquent for having committed felonious assault in violation of R.C.2903.11. The Magistrate recommended that appellant be sentenced to 67 days at the Stark County Attention Center and remanded appellant to the Attention Center. The trial court adopted and approved the Magistrate's Decision on June 15, 2000. On June 20, 2000, appellant filed a Motion for Stay and Objections to the Magistrate's Decision. In the Motion for Stay, appellant requested that execution of the 67 day sentence be stayed in that appellant had filed Objections to the Magistrate's Decision. Appellant noted that, if the stay was not granted, appellant would have most likely completed the sentence by the time the case proceeded through the objection and appeal process. That same day, June 20, 2000, the trial court denied appellant's Motion for Stay. Thereafter, on June 22, 2000, appellant filed a Motion for New Trial. On July 10, 2000, appellant filed a Notice of Appeal. The Notice of Appeal identified the June 20, 2000 Judgment Entry as the judgment from which appellant appealed. Further, on July 10, 2000, appellant filed a Motion for Stay in this court. Appellant again sought his release from the Stark County Attention Center. Subsequently, on July 31, 2000, the trial court ordered that appellant be released from custody. Thereafter, by Judgment Entry filed August 21, 2000, this court denied appellant's Motion for Stay. This court found that the motion was moot in that the trial court had released appellant from the Stark County Attention Center. On August 15, 2000, the trial court held a hearing on appellant's June 22, 2000, Objections and Motion for New Trial. On August 23, 2000, the trial court issued a Judgment Entry in which it overruled the Motion for New Trial and the Objections, as well as approved and adopted the Magistrate's Decision. Appellant raises the following assignments of error:
 ASSIGNMENT OF ERROR I THE JURY VERDICT FINDING APPELLANT GUILTY OF FELONIOUS ASSAULT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION.
 ASSIGNMENT OF ERROR II THE APPELLANT WAS PREJUDICIALLY DEPRIVED OF HIS UNITED STATES AND OHIO CONSTITUTIONAL RIGHTS TO A FAIR TRIAL DUE TO THE INEFFECTIVE ASSISTANCE OF COUNSEL.
 ASSIGNMENT OF ERROR III THE COURT ERRED IN FAILING TO PROTECT THE JUVENILES [SIC] FIFTH AMENDMENT RIGHT TO BE FREE FROM SELF-INCRIMINATION.
This court lacks jurisdiction to address appellant's assignments of error. App.R. 3(C) provides, in pertinent part, that "[t]he notice of appeal . . . shall designate the judgment, order or part thereof appealed from. . . ." We agree with the Eighth District Court of appeals which has held that "App.R. 3 must be construed in light of the purpose of a notice of appeal, which is to notify appellees of the appeal and advise them of "just what appellants . . . [are] undertaking to appeal from." Parks v. Baltimore Ohio RR (1991), 77 Ohio App.3d 426, 428 (citing Maritime Manufacturers, Inc. v. Hi-Skipper Marina (1982), 70 Ohio St.2d 257,258-259). In the case sub judice, appellant's notice of appeal only designates the trial court's June 20, 2000 Judgment Entry. The June 20, 2000 Judgment Entry was a denial of appellant's Motion for a Stay pending disposition of the Objections to the Magistrate's Decision and appeal process. On June 20, 2000, the trial court had not yet ruled upon appellant's Objections or Motion for New Trial. However, the assignments of error presented upon appeal do not concern the June 20, 2000 Judgment Entry. The assignments of error herein presented are based upon the August 23, 2000 Judgment Entry of the trial court overruling appellant's Objections and Motion for New Trial. Appellant has not appealed from that August 23, 2000 Judgment Entry. Therefore, since appellant has failed to appeal the August 23, 2000 Judgment Entry, this court finds that we do not have jurisdiction to hear appellant's assignments of error. Accordingly, appellant's assignments of error are not properly before this court. Appeal dismissed.
 _____________ Edwards, P.J.
Gwin, J. and Hoffman, J. concurs.