OPINION
On August 6, 1999, Appellant was arrested for a violation of R.C. § 4511.19 and was asked to submit to breath-alcohol test. Appellant refused. As a result of such refusal, the Bureau of Motor Vehicles imposed a one year administrative license suspension (ALS).
On August 12, 1999, Appellant was arraigned and pled not guilty to the charge of R.C. § 4511.19(A)(1).
The record does not reflect that Appellant at any time requested a hearing on the Administrative License Suspension.
On February 8, 2000, Appellant petitioned the New Philadelphia Municipal Court for occupational driving privileges, which caused said court to open Case No. CVH 0000080.
On August 5, 2000, Appellant's Administrative License Suspension terminated by law and file Case No. CVH 0000080 was closed.
On September 14, 2000, Appellant filed a "Motion to Certify the Status of Citation O.R.C. — Section 4511.191(A) Presented to Antonio Gangale on August 6, 1999" in Case No. CVH 0000080.
Via Judgment Entry dated September 26, 2000, the Court advised Appellant that said case was inactive and that his Administrative License Suspension terminated by operation of law on August 5, 2000, and further that any occupational driving privileges granted under said case would also have terminated with the ALS.
On May 30, 2001, Appellant filed a "Petition for Immediate Remedy" in Case No. CVH 0000080, which appears to challenge the charges and Administrative License Suspension in Case No. TRC-9906773 and a DUS charge in Case No.TRD-9909753 A.
On June 7, 2001, a response to said "Petition" was filed by the Appellee.
By Judgment Entry dated July 10, 2001, Judge Space was disqualified in this case.
On August 9, 2001, Acting Judge William Green denied Appellant's "Petition".
On August 17, 2001, Appellant filed a "Motion for Immediate Reconsideration".
On August 24, 2001, Appellant filed a notice of appeal.
As an initial matter, we note that appellant fails to set forth a statement of the assignments of error presented for review as required pursuant to App. R. 16(A)(3). However, we will address what we believe to be appellant's arguments as set forth in the body of his brief:
 ASSIGNMENTS OF ERROR I. APPELLANT WAS PROCEDURALLY BARRED TO CLAIMS AND EVIDENCE BECAUSE THE TRIAL COURT DEPRIVED HIM OF HIS CONSTITUTIONAL RIGHT OF ACCESS TO DUE PROCESS AND RECORD UNDER ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND UNDER AMENDMENT VI TO THE UNITED STATES CONSTITUTION.
 II. APPELLANT WAS DEPRIVED OF CONSTITUTIONAL RIGHT OF JUDICIAL DUE PROCESS OFFICER UNDER ARTICLE I, SECTION 1, 14 AND 16 OF THE OHIO CONSTITUTION AND UNDER AMENDMENT I, IV AND XIV TO THE UNITED STATES CONSTITUTION WHEN TRIAL COURT CASE WAS AN ACTION FILED BY PETITIONER ON 2/8/200 AND WHERE APPELLANT WAS THE ORIGINAL PLAINTIFF AND LATER NAMED DEFENDANT.
 III. APPELLANT WAS DEPRIVED OF HIS INALIENABLE CONSTITUTIONAL RIGHTS, JUSTIFIABLE PURSUIT BY AN OFFICER AND DUE PROCESS UNDER ARTICLE I, SECTION 1, 10, 14 AND 16 OF THE OHIO CONSTITUTION AND UNDER AMENDMENT I, IV AND XIV TO THE UNITED STATES CONSTITUTION WHEN PATROLMAN MIKE RODEN ADMITTEDLY AND BROUGHT PURSUIT WITHOUT CAUSE, WHEN PTL. MIKE RODEN SHOWED INDICATIONS OF TAMPERING WITH EVIDENCE.
 IV. APPELLANT `S CONSTITUTIONAL RIGHT OF PARTICULAR DESCRIBING GROUNDS FOR ARREST UNDER ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND UNDER AMENDMENT IV, VI AND XIV TO THE UNITED STATES CONSTITUTION WHEN PATROLMAN MIKE RODEN ARRESTED APPELLANT FOR "OPERATING MOTOR VEHICLE WHILE UNDER THE INFLUENCE" ON A BICYCLE POWER BY MUSCULAR POWER.
 V. APPELLANT WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT OF CONSULTING WITH AN ATTORNEY UNDER ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND UNDER AMENDMENT VI TO THE UNITED STATES CONSTITUTION WHEN THE OFFICERS DENIED APPELLANT THE ABILITY TO CONSULT WITH AN ATTORNEY AT THE POLICE STATION.
 VI. APPELLANT WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT OF INITIAL APPEARANCE: PROCEDURE UNDER OHIO CRIM R 5, ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION AND UNDER AMENDMENT IV AND XIV TO THE UNITED STATES CONSTITUTION WHEN ON 8/12/1999 THE COURT INSTRUCTION INFORMED INDIVIDUALS PLEADING NOT GUILTY TO GO IN THE HALL AND SIGN APPLICABLE DOCUMENTATION AND VIOLATION OF FIRST AMENDMENT BY FAILING TO PRESENT ALS HEARING OVERRULING THE JANUARY 14, 2000 MOTION.
 VII. APPELLANT WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT OF OFFICIAL SUMMONS AND CITATION BY HAVING A COPY THEREOF, DUE PROCESS AND SEPARATION OF POWERS UNDER CRIM R 5 AND ARTICLE I, SECTION 10, 14 AND 16 OF THE OHIO CONSTITUTION UNDER AMENDMENT I, IV, V, VI AND XIV TO THE UNITED STATES CONSTITUTION WHEN PATROLMAN MIKE RODEN AND CAPTAIN EVERETT PRESENTED APPELLANT WITH AN ALS AND FAILED TO COMPLETE THE CITATION OR INFORM OF ALL PENALTIES WHICH ARISE FROM SUCH AS THE FINANCIAL RESPONSIBILITY IN VIOLATION OF O.R.C. 4509.101.
 VIII. APPELLANT WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT OF PETITIONING THE GOVERNMENT OF REDRESS OF GRIEVANCE UNDER ARTICLE I, SECTION 10, 10A AND 16 OF THE OHIO CONSTITUTION UNDER AMENDMENT I TO THE UNITED STATES CONSTITUTION WHEN THE COURT DESTROYED THE JUDICIAL INSTITUTION BY ALLOWING THE CLERK OF COURT TO DENY AND DISMISS AUCTIONING PETITIONS.
 IX. APPELLANT WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT OF FREE STATE UNDER ARTICLE I, SECTION 04 OF THE OHIO CONSTITUTION AND ARTICLE I SECTION 8 CL.12 AND AMENDMENT II OF THE UNITED STATES CONSTITUTION RIGHT WHEN FAILING TO DISMISS CHARGES OF OMVI ON THE GROUNDS THE GOVERNMENT MAINTAINED LARGE BODIES OF ARMED MAN AMONG US IN TIME OF PEACE AND APPROPRIATION OF MONEY FOR TERMS LONGER THAN TWO YEARS TO SUPPORT STANDING ARMIES, HAS ALLOWED THE POWERS OF CIVIL CONTROL TO BE UNREGULATED AND SELF-GOVERNING, AND EMBODIES THE ENFORCEMENT OF LAW TO IT'S OWN.
Upon review of Appellant's arguments, we find that this court lacks jurisdiction to address appellant's assignments of error. App. R. 3(C) provides, in pertinent part, that "[t]he notice of appeal . . . shall designate the judgment, order or part thereof appealed from. . . ." We agree with the Eighth District Court of appeals which has held that "App.R. 3 must be construed in light of the purpose of a notice of appeal, which is to notify appellees of the appeal and advise them of "just what appellants . . . [are] undertaking to appeal from." Parks v.Baltimore Ohio RR (1991), 77 Ohio App.3d 426, 428 (citing MaritimeManufacturers, Inc. v. Hi-Skipper Marina (1982), 70 Ohio St.2d 257,258-259). In the case sub judice, appellant's notice of appeal only designates the trial court's August 9, 2001 Judgment Entry in Case No. CVH 0000080. The August 9, 2001 Judgment Entry was a denial of appellant's Petition for Immediate Remedy in his Administrative License suspension case. Appellant's Petition, in essence, moved the court to vacate his ALS on the basis that he was not operating a motor vehicle.
Appellant did not request a hearing on the ALS within the five days as required by R.C. 4511.191(D)(1). Furthermore, no appeal has been filed under case TRC 9906773. When appellant waived his right to have the hearing within five days, he waived any objection he might raise as to the sufficiency of the process afforded by the statute. Furthermore, the ALS terminated by operation of law on August 5, 2000. This issue is therefore moot.
Appellant's assignments of error presented upon appeal do not concern the CVH0000080 case. The assignments of error herein presented are based upon the TRC-99-6773 case. Appellant has not appealed the decision in that case. Therefore, this court finds that we do not have jurisdiction to hear appellant's assignments of error.
Accordingly, appellant's assignments of error are not properly before this court.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio is dismissed. Costs waived.
Hon. Julie A. Edwards, P.J. Hon. John W. Wise, J. Hon. John F. Boggins, J. concurs.