JOURNAL ENTRY AND OPINION
Defendant-appellant Calvin D. Kennedy ("Kennedy"), aka Calvin L. Kennedy, appeals from matters surrounding his plea of guilty to one count of aggravated burglary (R.C. 2911.11). For the reasons adduced below, we affirm.
A review of the record on appeal indicates that Kennedy was originally indicted on March 8, 2000, on two counts, namely, one count of aggravated burglary and one count of felonious assault. He pled not guilty at his arraignment. On Monday, August 7, 2000, Kennedy and his counsel appeared before the trial court at which time Kennedy withdrew his plea of not guilty and entered a plea of guilty to aggravated robbery. The remaining charge was nolled in exchange for the plea. Sentencing was scheduled for August 30, 2000 and Kennedy was ordered to surrender himself to the Sheriff on August 8, 2000. This August sentencing hearing did not take place because Kennedy did not surrender himself to the custody of the Sheriff.
On November 17, 2000, a capias for Kennedy was returned and he was placed in custody. The court ordered the preparation of a new pre-sentence investigation report and scheduled the sentencing hearing to be conducted on January 4, 2001.
The sentencing hearing was conducted on January 4, 2001. In the January 4 sentencing order, which was journalized on January 16, 2001, the following is stated:
 The court considered all of the required factors of the law.
 The court finds that prison is consistent with the purpose of R.C. 2929.11.
 The court imposes a prison term at Lorain Correctional Institution of 5 years.
 Defendant to receive credit for jail time served, Sheriff's Department to calculate time and notify the Adult Parole Authority.
 The sentence includes any extensions provided by law.
Defendant is to pay court costs.
On January 5, 2001, one day after the sentencing hearing, Kennedy, acting pro se, filed a motion to withdraw his guilty plea. This motion is nothing more than a form motion photocopied from a legal form book, with Kennedy supplying his signature and several other non-substantive pieces of information in the spaces provided. Attached to this motion was a two-page handwritten document purporting to be the affidavit of Kennedy and which detailed the alleged facts supporting his motion to withdraw. This "affidavit" did not contain an averment that it was prepared by Kennedy upon his personal knowledge and belief, was not executed by Kennedy, and was not dated and notarized.
Kennedy, acting pro se, filed the notice of appeal sub judice on January 22, 2001, from the January sentencing order.
On January 31, 2001, the trial court, without explanation or benefit of an evidentiary hearing in open court, denied the motion to withdraw the guilty plea using a perfunctory one-sentence order.
Inexplicably, Kennedy, again acting pro se, filed on March 29, 2001, a second notice of appeal from the January sentencing order. This second notice of appeal was dismissed sua sponte for appellant's failure to file the record. See State v. Kennedy (May 16, 2001), Cuyahoga App. No. 79417, unreported.
Kennedy's appellate brief presents three assignments of error for review. The first assignment of error provides:
 I THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT DENIED THE APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA PRIOR TO SENTENCING.
App.R. 12(A)(1) provides that, on an undismissed appeal, an appellate court must "[R]eview and affirm, modify, or reverse the judgment or final order appealed; * * *." The order of January 31, 2001, which denied the motion to withdraw the guilty plea and which is the issue presented in this assignment, is not the order appealed from in appellant's notice of appeal filed on January 22, 2001. Although the trial court denied an oral motion made at the sentencing hearing to withdraw the guilty plea, the sentencing order, which is the order appealed from, makes no reference to denying an oral motion to withdraw the guilty plea. It is fundamental that a court speaks through its journal, and this oral pronouncement from the bench is of no effect until it is reduced to writing and journalized by the court. Accordingly, the order denying the motion to withdraw not being designated in the appellant's notice of appeal, this court lacks jurisdiction to review the order denying the motion. Parks v. Baltimore Ohio R.R. (1991), 77 Ohio App.3d 426; State v. McNeal (Apr. 5, 2001), Cuyahoga App. No. 77977, unreported, 2001 Ohio App. LEXIS 1596 at 5-6;State v. Leek (Jul. 29, 1999), Cuyahoga App. No. 74338, unreported, 1999 Ohio App. LEXIS 3503 at 4.
The first assignment of error is overruled.
The second assignment of error provides:
 II APPELLANT WAS DENIED HIS RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
In this assignment, appellant argues ineffective assistance of counsel at the time of the August, 2000 guilty plea. Appellant contends that his guilty plea should have been vacated because it was not knowingly and intelligently made where: (1) he was not advised by counsel of the correct elements of the offense; (2) he pled guilty pursuant to the coercion of counsel so as to not anger the trial judge; (3) he did not commit any of the elements of aggravated burglary; (4) appellant was "in a vulnerable mental state due to his physical injuries and medication" at the time of the guilty plea. See appellant's brief at 6.
These arguments all attack the denial of appellant's motion to withdraw his guilty plea. As previously recognized, the only order which deals with the denial of a motion to withdraw the guilty plea is the order of January 31, 2001. Yet, this order is not designated in the notice of appeal as the order appealed from. Instead, the order appealed from is the sentencing order of January 4, 2001, which did not address the withdrawal of the guilty plea. Based on the same authority cited in the first assignment herein, this court lacks jurisdiction to review this assignment.
The second assignment of error is overruled.
The third assignment of error provides:
 III APPELLANT'S PLEA WAS NOT VOLUNTARILY, KNOWINGLY OR INTELLIGENTLY ENTERED BECAUSE THE TRIAL COURT FAILED TO APPRISE HIM OF THE NATURE OF THE CHARGES PRIOR TO ACCEPTING APPELLANT'S PLEA.
In this assignment, appellant attacks the taking of the guilty plea by the trial court, arguing that the court did not explain at the guilty plea hearing the nature of the offense or the consequences of the plea pursuant to Crim.R. 11(C).
The issues in this assignment concern the guilty plea order of August 7, 2000, which is not the order designated in the notice of appeal. Accordingly, based on the authority cited in the first assignment herein, this court lacks jurisdiction to review any matter other than sentencing.
The third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J., and TERRENCE O'DONNELL, J., CONCUR.