JOURNAL ENTRY and OPINION.
{¶ 1} Plaintiff Carolyn Heida sought damages from defendant R.M.S./Forest City Enterprises after she slipped and fell on ice that accumulated on the sidewalk of a shopping center owned by Forest City. She alleged that a faulty roof design or poor roof maintenance caused melting snow to drip onto the sidewalk and then freeze. The court granted summary judgment to Forest City on grounds that Heida failed to prove that the ice was anything other than a natural accumulation or that there was a defect in the roof. Heida then filed a motion for relief from judgment claiming that Forest City had been less than forthcoming with discovery and this fact hampered her ability to defend against the motion for summary judgment. During discovery, Heida filed a motion to compel on grounds that Forest City had not complied with the applicable rules of civil procedure. When ruling on Forest City's motion for summary judgment, the court held that Forest City had complied with all discovery orders relating to compelling production of documents.
 I {¶ 2} At the outset, we find that Heida has failed to preserve any claim of error relating to the court's refusal to grant her relief from judgment. Heida filed her notice of appeal before the court ruled on the motion for relief from judgment. For this reason, her notice of appeal does not (and cannot) purport to appeal from any ruling relating to that motion. In Parks v. Baltimore Ohio R.R. (1991), 77 Ohio App.3d 426, we held that a court of appeals lacks jurisdiction to review a judgment or order not designated in the notice of appeal. Once the court did deny her motion for relief from judgment, Heida was at liberty under App.R. 3(F) to ask us to amend her notice of appeal to incorporate the court's ruling, assuming that she did so within the thirty day time period set forth in App.R. 4(A). But she did not. We therefore lack jurisdiction to review the court's decision to deny the motion for relief from judgment.
 II {¶ 3} The other issue that is presented to us is whether the court erred by finding that Forest City complied with all discovery orders.
 {¶ 4} On January 2, 2002, Heida filed a motion to compel discovery. She complained that Forest City purposely inundated her with thousands of documents when it knew that her requests were far more narrowly-tailored and that Forest City could have produced those documents in a way that did not inconvenience Heida's counsel. In the motion, Heida's counsel said, "I should not be compelled to spend additional time to look through a pile of documents to find what I have asked for from Defendants." The court granted the motion.
 {¶ 5} In February 2002, Forest City sought leave to file a motion for summary judgment instanter. Heida objected, saying that she had not received all the discovery she had sought and that it would "be an injustice" to permit Forest City to "take advantage of their refusal to cooperate in discovery." Heida asked the court not to grant leave until after discovery had been completed.
 {¶ 6} In line with Heida's wishes, the court extended the discovery cutoff until April 29, 2002, ordered Forest City to file its motion for summary judgment by May 29, 2002, and ordered Heida to file a brief in opposition to the motion for summary judgment no later than June 28, 2002. Since Forest City had sought leave to file its motion for summary judgment instanter, the motion for summary judgment had been filed before the court extended the discovery cutoff.
 {¶ 7} On May 8, 2002, Heida filed a motion asking that sanctions be imposed against Forest City due to its failure to comply with the court's earlier ruling on her motion to compel discovery. She complained that Forest City had failed to supply her with an addendum to a contract between Forest City and a roofing company. Heida asserted that the "missing" addendum had been referred to in a contract proposal between those two parties.
 {¶ 8} On August 6, 2002, the court granted Forest City's motion for summary judgment. In its ruling, the court stated that "defendants have complied with the Court's order compelling production by making documents available for inspection and copying. Hence, plaintiff's motion for sanctions is denied." It bears noting that Heida had not filed a brief in opposition to summary judgment.
 {¶ 9} Heida has it wrong when she argues that the court should not have granted summary judgment while her motion for sanctions was still pending. In Miller v. Premier Indus. Corp. (2000), 136 Ohio App.3d 662, we considered a very similar factual scenario. Miller claimed that the court erred by granting summary judgment while a second motion to compel discovery remained pending. We held that Miller could not prevail on his argument because he had failed to invoke Civ.R. 56(F) to ask the court for additional time in which to respond to the motion for summary judgment. We stated at page 676:
 {¶ 10} "A trial court is free to consider a motion for summary judgment where no continuance is requested or when such continuance is not supported by affidavits which would suggest the need for further discovery. A party who fails to comply with the provisions of Civ.R. 56(F) waives any error in a trial court's premature ruling on a motion for summary judgment." (Citations omitted.)
 {¶ 11} Heida did not file any opposition to the motion for summary judgment, nor did she seek any type of continuance pending the resolution of her motion to compel. The court had a firm discovery deadline in place, as well as a firm deadline for Heida's response to the motion for summary judgment. It was her responsibility to ensure her own compliance with those dates, or risk the kind of adverse judgment entered against her. We have to agree with Forest City that Heida's stance was taken at her own peril — it would have been prudent to ensure beforehand with the court that discovery was still ongoing. Simply filing a motion for sanctions is not enough to overcome deadlines set by the court. The first assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J., and SEAN C. GALLAGHER, J., concur.