OPINION
{¶ 1} Defendant-appellant Scott Process Systems, Inc, [hereinafter appellant] appeals from the March 7, 2003, Judgment Entry of the Stark County Court of Common Pleas which overruled appellant's Objections to a Magistrate Decision. Plaintiff-appellee is Gaspar, Inc. [hereinafter appellee].
 STATEMENT OF THE FACTS AND CASE {¶ 2} On May 15, 2001, appellee commenced this proceeding in the Stark County Court of Common Pleas. In the Complaint, appellee alleged that appellant and appellee had entered into agreement under which appellee was to fabricate steel components for appellant. Appellee claimed that pursuant to the terms of the contract, appellant was obligated and agreed to pay appellee $127,448.08. Appellee alleged that appellant had breached the contract and paid only $26,417.38 to appellee. Subsequently, appellant filed an Answer and Counterclaim, claiming that it had already overpaid appellee for the work performed and that it owed no further payments to appellee.
 {¶ 3} On August 22 through 23, 2002, the case proceeded to a trial conducted before a Magistrate. On December 13, 2002, a Magistrate's Decision was filed. The Magistrate's Decision recommended a finding for appellee against the appellant on the original claim and for the appellee on appellant's counterclaim. However, the Magistrate's Decision did not state a dollar figure for a recommended award nor provide figures from which such a dollar figure could be calculated.
 {¶ 4} Appellant filed its first Objection to the Magistrate's Decision on December 23, 2002, and filed a supplemental Amended Objections to the Magistrate's Findings of Fact and Conclusions of Law on January 24, 2003. Appellee filed responses to those Objections.
 {¶ 5} On March 7, 2003, the trial court issued a Judgment Entry in which it found the Objections were not well taken. Accordingly, the trial court denied the Objections. The trial court concluded the Judgment Entry by stating: "This is a final appealable order, and there is no just cause for delay." However, the trial court did not adopt the Magistrate's Decision nor order that a judgment be rendered in any party's favor nor state how much in damages would be awarded.
 {¶ 6} On March 11, 2003, the trial court entered another Judgment Entry. In that Entry, the trial court found in favor of the appellee as to the appellee's complaint and against the appellant and further found for the appellee and against the appellant as to appellant's counterclaim. The trial court awarded appellee damages in the amount of $101,030.70, plus interest.[1] Neither the March 11, 2003, Judgment Entry nor the trial court's docket indicate that the March 11, 2003, Judgment Entry was served upon the parties.
 {¶ 7} In its merit brief, appellant acknowledges that appellee's counsel faxed a copy of the March 11, 2003, Judgment Entry to appellant's counsel. Appellant's counsel states that he received the copy of the Judgment Entry on March 17, 2003. The copy bore a date stamp from the Clerk of Court's showing a March 11, 2003, filing date, but did not bear the Judge's original signature. Instead, there was an indication on the signature line that the Judge had signed the original Judgment Entry.
 {¶ 8} On April 3, 2003, appellant filed a Notice of Appeal from the March 7, 2003, Judgment Entry, but not from the March 11, 2003, Judgment Entry. According to appellant's merit brief, appellant's counsel checked the case's docket on the internet on May 29, 2003, and found that the March 11, 2003, Judgment Entry had been filed and appeared to have been signed by the trial court Judge. Appellant asserts that he never received the March 11, 2003, Judgment Entry from the trial court or the Clerk of Courts.
 {¶ 9} Upon appeal, appellant raises the following assignments of error:
 {¶ 10} "I. The trial court committed reversible error by not reviewing the trial transcript prior to denying the appellant's objections to the magistrate's order.
 {¶ 11} "II. The trial court erred as a matter of law by adopting the magistrate's decision and those findings that were not based on the evidence in that:
 {¶ 12} "A. (Written Agreement). The fax transmission record of the purchase order is sufficient evidence of the time and material agreement between Gaspar, Inc. and Scott Process Systems, Inc.
 {¶ 13} "B. (Hourly Rate). The trial court erred by upholding the magistrate's decision that finds that gaspar sould be paid a reasonable value of services rendered on a quantum meruit and unjust enrichment basis and that fifty-two dollars ($52.00) per hour was a reasonable rate without identifying if this rate applies to all hours or only welding hours.
 {¶ 14} "C. (Type of Hours). The trial court erred by adopting the magistrate's decision that failed to identify the amount of welding hours worked versus labor/handling hours since welding hours were invoiced at a different rate than labor/handling hours.
 {¶ 15} "D. (Overtime). The trial court erred in adopting the magistrate's findings that overtime was approved by Scott Process Systems, Inc. when the evidence was contrary to such finding. In addition, the magistrate failed to identify the acutal hours awarded for overtime work since the actual hours invoiced differs substantially from the actual hours worked.
 {¶ 16} "E. (Amount of Hours). The trial court erred in adopting the magistrate's findings that the time records establish that the invoices sent by gaspar were based upon 3,554 hours worked when Gaspar's spreadsheet shows that 3,854 hours were invoiced, even though the time records only show 2,856 hours were actually worked.
 {¶ 17} "F. The magistrate committed reversible and prejudicial error by not allowing defendant to introduce defendant's trial exhibit 20 and testimony from Scott Mitchell on this exhibit, or full cross examination of gaspar, in order to establish what a reasonable hourly rate should be if the faxed written purchase order was not found to be binding, and by accepting lay witnesses' testimony on `industry rates' by non-expert shop personnel.
 {¶ 18} "G. (Amount of award). the trial court erred in adopting the magistrate's decision that does not specifically identify the amount of money awarded to appellee.
 {¶ 19} Upon review, we find that this court lacks jurisdiction to address appellant's assignments of error. App. R. 3(C) provides, in pertinent part, that "the notice of appeal . . . shall designate the judgment, order or part thereof appealed from. . . ." We agree with the Eighth District Court of Appeals which has held that "App.R. 3 must be construed in light of the purpose of a notice of appeal, which is to notify appellees of the appeal and advise them of "just what appellants . . . [are] undertaking to appeal from." Parks v. Baltimore Ohio RR(1991), 77 Ohio App.3d 426, 428, 602 N.E.2d 674 (citing MaritimeManufacturers, Inc. v. Hi-Skipper Marina (1982), 70 Ohio St.2d 257,258-259, 436 N.E.2d 1034).
 {¶ 20} In the case sub judice, appellant's notice of appeal only designates the trial court's March 7, 2003, Judgment Entry and it appears from appellant's brief and assignments of error that it is from the March 7, 2003, Judgment Entry that he sought to appeal. Therefore, we conclude that it is the March 7, 2003, Judgment Entry that is before us on appeal.
 {¶ 21} The March 7, 2003, Judgment Entry overruled Objections filed by appellant. However, on March 7, 2003, the trial court had not yet found in favor of either party nor decided the issue of damages.
 {¶ 22} This court's jurisdiction is limited to final, appealable orders. To be final and appealable, an order must meet the requirements of both R.C. 2505.02 and Civ.R. 54(B), if applicable. Chef ItalianoCorp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, 541 N.E.2d 64, syllabus; See Article 4, Section III, of the Ohio State Constitution.
 {¶ 23} Revised Code 2505.02(B) defines final orders as follows:
 {¶ 24} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 25} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 26} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 27} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 28} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 29} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 30} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 31} "(5) An order that determines that an action may or may not be maintained as a class action."
 {¶ 32} In this case, the order appealed from does not meet any of the criteria identified in R.C. 2505.02(B). As such, the March 7, 2003, Judgment Entry was not a final, appealable order.
 {¶ 33} We are cognizant that the trial court included language, pursuant to Civ. R. 54(B). Specifically, the trial court included language which stated that "this is a final appealable order, and there is no just reasons for delay."
 {¶ 34} Civil Rule 54(B) provides:
 {¶ 35} "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
 {¶ 36} However, "the mere incantation of the required language does not turn an otherwise non-final order into a final appealable order.Noble, supra at 97 (citations omitted). The order at issue must always be a final appealable order, in accordance with R.C. 2505.02. Id.
 {¶ 37} In this case, the March 7, 2003, Judgment Entry is not a final appealable order. Therefore, the March 7, 2003, Judgment Entry is not appealable despite the trial court's use of the Civ. R. 54(B) language.[2]
 {¶ 38} Accordingly, appellant's assignments of error are not properly before this court. Therefore, based on the foregoing, the within appeal is dismissed.
Gwin, P.J. and Wise, J., concur.
[1] $101,030.70 was the amount prayed for by the appellant in his original complaint.
[2] We note that appellant's time to appeal from the March 11, 2003, Judgment Entry may not have expired. Appellate Rule 4(A) states as follows: "A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure." Thus, if a party is never served with an entry, the time to appeal from that entry never begins to run. Further, there is case law to indicate that actual knowledge of the entry is not sufficient to start the running of the time to appeal. Whitehall ex rel. Fennessy v. Bambi Motel (1998),131 Ohio App.3d 734, 723 N.E.2d 633. In this case, appellant's claim that the March 11, 2003 Judgment Entry was never served upon appellant is confirmed by the trial court's Judgment Entry itself which does not contain a directive to the Clerk of Court's to serve the Entry upon the parties and the docket which does not indicate service upon appellant. As such, the record indicates that the March 11, 2003 Judgment Entry was not served upon appellant and the time in which appellant may appeal may not have begun to run.