JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant, Winkler Building Partnership, appeals from a common pleas court order awarding attorney's fees in the amount of $2820 in favor of defendant-appellee, Fairview Shopping Center Corporation, and against plaintiff's counsel, Joel Levin and Levin Associates Co., L.P.A. The appellant lacks standing to appeal from this order. Appellant's counsel and his firm were the only interested persons, and they were not named in the notice of appeal. Therefore, the court dismisses the appeal pursuant to App. R. 3(D).
 {¶ 2} Appellant originally filed its complaint on July 16, 2002, asserting causes of action against appellee for breach of a written contract and trespass. Appellee moved for a more definite statement based on the fact that the written contract was not attached to the complaint as required by Civ.R. 10(D). The court granted this motion, and appellant then filed an amended complaint on December 19, 2002 which included an attached real estate sales agreement between the parties dated June 30, 1986. Appellee answered the amended complaint and moved the court for judgment on the pleadings as to appellant's trespass claim. Shortly thereafter, on January 28, 2003, appellant voluntarily dismissed its complaint, without prejudice.
 {¶ 3} Appellee moved the court for an award of attorney's fees. The court granted this motion on April 14, 2003, holding that: "Inasmuch as plaintiff's counsel has not contradicted the affidavits of Brian Moriarty and Daniel Lovinger asserting that plaintiff's counsel admitted filing the complaint without reading the written contract upon which plaintiff's complaint was allegedly based, the filing of the complaint constituted frivolous conduct as defined in R.C. 2323.51(A)(2) and defendant is entitled to recover reasonable attorneys fees to defend the law suit which was dismissed by plaintiff. Attorneys fees are awarded to defendant in the amount of $2820."
 {¶ 4} Appellant appealed this award to this court. This court found the common pleas court had erred by failing to conduct a hearing on appellee's motion for attorney's fees, and therefore reversed the trial court's decision and remanded for further proceedings.
 {¶ 5} On remand, the common pleas court conducted a hearing on the appellee's motion for attorney's fees on May 18, 2004, and allowed the parties to file supplemental briefs. On November 24, 2004, the court entered the following order:
 {¶ 6} "Inasmuch as it is undisputed that plaintiff's counsel did not carefully read the promissory note prior to filing the present action based on that note, and inasmuch as the note is unambiguously a "no-recourse" note upon which plaintiff could not prevail under existing law, plaintiff's counsel has brought a frivolous action, within the meaning of R.C. 2323.51, in which a good faith argument could not be made for modification or reversal of existing law.
 {¶ 7} "Judgment is granted for Fairview Shopping Center Corp. against plaintiff's counsel Joel Levin and Levin Associates, L.P.A., in the amount of $2820.00."
 {¶ 8} Appellant now appeals from this order.
 {¶ 9} Appellant was not adversely affected by the trial court's order requiring its attorney to pay appellee's attorney's fees, and therefore has no standing to challenge the award. Inre Election of November 7, 1995 (1996), 76 Ohio St.3d 601,611-12. Furthermore, "`a party lacks standing to appeal the imposition of sanctions * * * upon [its] attorney.'" HKS RealtyCo. v. Williams (July 8, 1999), Cuyahoga App. No. 74390, quotingParks v. Baltimore Ohio R.R. (1991), 77 Ohio App.3d 426;Geraci v. Anderson (Sept. 24, 1998), Cuyahoga App. No. 72978. "The sanctioned attorney `is the only person who can appeal the sanctions.'" All Climate Heating Cooling, Inc. v. ZeeProperties, Inc. (May 17, 2001), Franklin App. No. 00AP-1141.
 {¶ 10} App.R. 3(D) provides that "the notice of appeal shall specify the party or parties taking the appeal." This requirement is not jurisdictional, but, when presented with such a defect in the notice of appeal, this court is "vested with discretion to determine whether sanctions, including dismissal, are warranted."Transamerica Ins. Co. v. Nolan (1995), 72 Ohio St.3d 320, syllabus.
 {¶ 11} In this case, the notice of appeal does not disclose that the party who was ordered to pay attorney's fees was appealing the common pleas court's decision. While nothing in the record indicates that appellee was prejudiced by the lack of notice, the proper appellant was the attorney who filed the notice of appeal, so "dismissal will not punish an innocent
party for the fault of his or her counsel but will directly punish the person at fault." Geraci, Cuyahoga App. No. 72978, at 3-4. Therefore, we will exercise our discretion to dismiss this appeal pursuant to App.R. 3(D).
Appeal dismissed.
This cause is dismissed.
It is, therefore, considered that said appellee recover of said appellant their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
James J. Sweeney, P.J. concurs Colleen Conway Cooney, J. dissents.