JOURNAL ENTRY and OPINION
{¶ 1} Stanley Millhouse, Jr. appeals from a judgment of the common pleas court, entered June 15, 2001, in which the court sentenced him to concurrent four-year terms for aggravated robbery and aggravated burglary following his pleas of guilty to those charges. On appeal, he presents four assignments of error, arguing that the court erred in accepting his guilty pleas because the state over-indicted him, because he equivocated from his complete admission of guilt at sentencing, and because the court failed to advise him that by entering a guilty plea he would waive his right to confront his accuser. He further claims that the court erred in denying his motion to vacate these guilty pleas.
{¶ 2} After careful review of the record, we have concluded that Millhouse knowingly, intelligently and voluntarily entered his pleas of guilty and that the court strictly complied with Crim.R. 11 and constitutional mandates in accepting them. In addition, we note that Millhouse never appealed from the denial of his motion to vacate, and we are therefore without jurisdiction to review that order. For these reasons, we affirm the judgment of the trial court.
{¶ 3} The record before us reveals that, on September 14, 2000, a grand jury indicted Millhouse on two counts of aggravated robbery, four counts of aggravated burglary and two counts of kidnapping, each count containing both one- and three-year firearm specifications.
{¶ 4} Pursuant to a plea-bargained agreement, Millhouse agreed to plead guilty to one count of aggravated robbery and one count of aggravated burglary, and the state agreed to delete the firearm specifications and to nolle the remaining charges. On June 15, 2001, the court sentenced him to concurrent prison terms of four years on each count.
{¶ 5} On July 2, 2001, Millhouse filed a notice of appeal from that order. Thereafter, on October 15, 2001, he filed a motion to vacate his guilty pleas in the trial court alleging that the state had coerced him into entering the pleas by over-indicting him; further arguing that the court failed to advise him that, by entering his pleas, he would waive his right to confront his accusers; and contending that his defense counsel promised him probation if he pled guilty. We stayed the appeal and remanded the case to the trial court for the limited purpose of ruling on the motion to vacate. The trial court denied the motion and returned the case to our court.
{¶ 6} Millhouse now prosecutes his appeal and raises four assignments of error for our review. The first states:
 {¶ 7} THE COURT ERRED IN ACCEPTING DEFENDANT'S PLEA OF GUILTY WHICH WAS COERCED.
{¶ 8} Millhouse argues that the court should not have accepted his guilty pleas because the state coerced him into pleading guilty by over-indicting him for offenses in counts 5 and 6, which have no basis of fact, and he also asserts that the inclusion of gun specifications had no factual basis. He claims the state used those specifications to negotiate his pleas to one count each of aggravated burglary and aggravated robbery.
{¶ 9} Millhouse, however, failed to offer any legal authority to support this argument as required by App.R. 16(A)(7). Instead, he relies on the absence of any mention of a gun in Detective Kubicek's report of the episode given at the sentencing hearing, which had no reference to a gun, but he gives us no basis upon which to consider this claim as reversible error. Plainly, an indictment is a charging instrument and sets forth the burden that the state assumes at trial.
{¶ 10} Further, the record offers an independent motivation for Millhouse to enter into a plea agreement. The state nolled all but two charges and dismissed all gun specifications, and he accepted this agreement, not because of coercion but because his co-defendant, Robert Przybylski, began to implicate Millhouse for these crimes. Indeed, in the transcript from the sentencing hearing, counsel for Millhouse stated:
 {¶ 11} * * * one of the principal witnesses against Mr. Millhouse is the co-defendant, Przybylski, who was the prime mover and shaker in this whole activity, and * * * one of the reasons we think Mr. Przybylski has been motivated to make the allegations and give the statements against Mr. Millhouse was the feeling that — by Mr. Przybylski — that because Mr. Millhouse was cooperating and giving statements to the Parma Police, that he was indeed turning State's evidence on Mr. Przybylski, and therefore, Mr. Przybylski gave statements which implicated Mr. Millhouse, * * *
{¶ 12} Nothing in the record suggests the pleas had been coerced. This conclusion is bolstered by the following colloquy at page 19 of the transcript at the time of the pleas:
 {¶ 13} THE COURT: * * * have any threats or promises been made to you in any way to get you to enter this plea?
{¶ 14} MR. MILLHOUSE: No.
{¶ 15} Based on the foregoing, this assignment of error is overruled.
 {¶ 16} II. THE COURT ERRED IN FAILING TO VACATE THE GUILTY PLEA AT THE SENTENCING HEARING.
{¶ 17} Millhouse further claims that the court should have vacated his guilty pleas at the sentencing hearing because, at that time, he denied any knowledge that his co-defendants intended to kidnap, rob or burglarize the victims; however, neither he nor his defense counsel expressed any desire or intent to withdraw his guilty pleas at the time of sentencing.
{¶ 18} At the sentencing hearing, Millhouse offered the following:
 {¶ 19} Yes, your Honor, I admit I was in the apartment when everything went down, but as soon as I saw what was happening, I chose to leave on my own will, and I mean, I didn't know what was going to happen. I didn't talk to those guys before. I was with those guys all day. So when I went in there with them, I was basically with them all day, so when we went there, we went there together. When everything went down the wrong way, I left on my own will. I didn't know they were going to rob the guy or do whatever.
{¶ 20} The sentencing transcript also contains Detective Kubicek's account of Millhouse's role in these crimes, which states in part:
 {¶ 21} Through my investigation, in talking to witnesses, victims and co-defendants, they all put Mr. Millhouse inside the car that drove him to the place, put him there having a discussion about committing this robbery, burglary.
 {¶ 22} He did participate by entering the apartment, assaulting a second victim once he was inside the apartment. He didn't flee the apartment until everybody decided to flee, when a mother of one of the defendants appeared at the door. He then left with the driver of the automobile, Mr. Cook, and later, the testimony has it, that he split the money that was taken in the robbery.
 {¶ 23} So the story that we have is quite different than what defense counsel has presented, and we feel that the seriousness of this is considerable, and that Mr. Millhouse's participation was equivalent to those he was with.
{¶ 24} Crim.R.11(C) provides that the court should not accept a plea unless it determines that the plea is knowingly, intelligently and voluntarily entered. Millhouse, however, cites Crim.R. 11(B)(1) in support of his claim that the court erred in failing to vacate his pleas at the time of sentencing, arguing that his statements at sentencing constituted less than a complete admission of guilt. Crim.R. 11(B)(1) provides:
 {¶ 25} The plea of guilty is a complete admission of the defendant's guilt.
{¶ 26} This rule does not support his claim that the trial court should have sua sponte vacated his guilty pleas during a subsequent sentencing hearing where he proclaimed his innocence.
{¶ 27} Our review of the Rules of Criminal Procedure reveals no provisions which would suggest that a trial court should sua sponte vacate a guilty plea once it has been accepted; rather, it is Crim.R. 32.1 which provides for the withdrawal of guilty pleas upon proper motion. Here, because no such motion had been presented to the trial court at the time of sentencing, we are unable to find error in this regard. Further, had the court sua sponte vacated his pleas at sentencing as Millhouse now urges, he could have easily claimed that the trial court denied him the benefit of his bargain and then challenged on appeal that uninvited judicial action.
{¶ 28} For the foregoing reasons, this assignment of error is not well taken.
 {¶ 29} III. THE COURT ERRED IN FAILING TO INFORM DEFENDANT THAT HE WAS WAIVING HIS RIGHT TO CONFRONT HIS ACCUSERS.
{¶ 30} In his third assignment of error, Millhouse claims the court failed to inform him that, by entering a guilty plea, he would waive his right to confront his accusers.
{¶ 31} We begin our analysis with Crim.R. 11(C)(2)(c), which states:
 {¶ 32} (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and doing all of the following:
{¶ 33} * * *
 {¶ 34} (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
{¶ 35} In relation to constitutional rights, including the waiver of the right to confront witness, strict compliance with the dictates of Crim.R. 11(C)(2)(c) is necessary before it can be determined that a plea was given knowingly, intelligently and voluntarily. See State v. Colbert
(1991), 71 Ohio App.3d 734, 737, 595 N.E.2d 401, citing State v. Gibson
(1986), 34 Ohio App.3d 146, 517 N.E.2d 990.
{¶ 36} Here, the transcript reflects that the court inquired whether Millhouse understood that by pleading guilty he would waive certain constitutional rights, and he acknowledged that he understood that concept. Then the court listed the rights which would be waived.
{¶ 37} The transcript of the plea hearing contains the following colloquy:
 {¶ 38} THE COURT: Do you understand by entering a plea of guilty, you're giving up certain Constitutional Rights?
{¶ 39} MR. SIMS: Yes.
{¶ 40} MR. MILLHOUSE: Yes.
{¶ 41} MR. PRZYBYLSKI: Yes.
{¶ 42} * * *
 {¶ 43} THE COURT: Do you understand that you have the right to cross examine witnesses?
{¶ 44} MR. SIMS: Yes.
{¶ 45} MR. MILLHOUSE: Yes.
{¶ 46} MR. PRZYBYLSKI: Yes.
{¶ 47} Realizing that the right to confront witnesses against a defendant is done by the process of cross-examination of witnesses called by the state to testify against the accused, the record here supports the conclusion that the court explained and that Millhouse knew he would waive the right to confront witnesses against him by entering his guilty pleas. Accordingly, we reject this assignment of error.
 {¶ 48} IV. THE COURT ERRED IN DENYING DEFENDANT'S MOTION TO VACATE THE PLEA OF GUILTY.
{¶ 49} In his final assignment of error, Millhouse challenges the October 22, 2001 order of the court denying his motion to vacate his guilty pleas; however, Millhouse never filed a separate notice of appeal from that judgment, and we are therefore without jurisdiction to consider that matter at this time.
{¶ 50} App.R. 3(D) provides that "[t]he notice of appeal * * * shall designate the judgment, order or part thereof appealed from; * * *." As we stated in Slone v. Board of Embalmers Funeral Directorsof Ohio (1997), 123 Ohio App.3d 545, 548, 704 N.E.2d 633:
 {¶ 51} This Court has held that it is without jurisdiction to review a judgment or order that is not designated in the appellant's notice of appeal. Parks v. Baltimore Ohio R.R. (1991), 77 Ohio App.3d 426, 428, 602 N.E.2d 674; Schloss v. McGinness (1984), 16 Ohio App.3d 96, 98, 474 N.E.2d 666; Cavanaugh v. Sealey (Jan. 23, 1997), Cuyahoga App. No[s]. 69907, 69908, 69909, unreported at 5; In re Estate of Carl Borgh (Jan. 4, 1996), Cuyahoga App. Nos. 68033, 68145, unreported at 9; Chotkevys v. Seman (Sept. 21, 1995), Cuyahoga App. No. 67812, unreported at 8; McCarthy v. Stop-N-Shop Supermarkets, Inc. (July 28, 1994), Cuyahoga App. No. 65839, unreported at 5-7.
{¶ 52} In the instant case, Millhouse filed a notice of appeal from the order dated May 31, 2001, but journalized June 15, 2001. Subsequently, upon remand from this court, the trial court entered a separate judgment denying his motion to vacate his guilty plea. Millhouse, however, never filed a notice of appeal from that order.
{¶ 53} Thus, we are without jurisdiction to review this assignment of error. In accordance with our ruling on the previously considered assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J. and ANNE L. KILBANE, J., CONCUR