SCHLOSS, APPELLANT,
*v.* MCGINNESS, APPELLEE.

(No. 46978—Decided April 9, 1984.)

*Mr. Richard J. Moriarity,* for appellant.

*Mr. Frank R. Osborne* and *Mr. Neil McGinness,* for appellee.

CORRIGAN, P.J. Plaintiff-appellant, Mary Gertrude Schloss, and defendant-appellee, Suzanne McGinness, are sisters whose aunt, Harriett Painter, died testate in New Jersey in 1977. Pursuant to the terms of the Painter will, appellant was left only one dollar "for reasons which are or should be known to * * * [her]." Appellant sought the advice of counsel and was informed by letter that there was a basis upon which she could contest the will. When appellant met with appellee and threatened to file an action to set aside the will, appellee agreed to share one-fourth of her inheritance in return for appellant's promise not to contest the will.

In September 1979 appellee paid appellant $300, purportedly one-fourth of the initial distribution of the estate received by appellee. No other funds were given to appellant although appellee's share of the final distribution of the estate totaled $57,848.84. On April 26, 1982 appellant brought this action for damages for breach of the parties' oral agreement. Defendant moved for summary judgment on November 16, 1982 on the basis that the agreement was unenforceable for lack of consideration, *i.e.,* plaintiff had no standing to bring a will contest and thus there was no forbearance on plaintiff's part. Plaintiff responded that her good faith belief in the validity of the proposed will contest was adequate consideration. Plaintiff also filed a cross-motion for partial summary judgment.

On May 4, 1983 the trial court granted defendant's motion for summary judgment, and, in a separate entry, overruled plaintiff's motion for partial summary judgment. Appellant filed

this timely appeal from the court's granting appellee's motion for summary judgment and assigns the following two errors for review:

"I. The trial court erred by granting defendant-appellee's motion for summary judgment.

"II. The trial court erred by failing to grant plaintiff-appellant partial summary judgment on the issue of defendant-appellee's liability under the agreement."

I

Appellant argues in the first assignment that the trial court erred in granting defendant's motion for summary judgment because appellant's promise to forbear filing a will contest was sufficient consideration for defendant's promise to share her inheritance with appellant. Appellee maintains that appellant, as a niece of the deceased, had no standing to bring a will contest and therefore the agreement was unenforceable as a matter of law.[1] Appellant does not deny her lack of standing to contest the will but contends that her good faith belief in the validity of her proposed will contest was sufficient consideration. We disagree and find the standing issue dispositive of the instant appeal.

Appellant places great reliance on our decision in *Forester* v. *Scott* (1973), 38 Ohio App. 2d 15 [67 O.O.2d 158], in which we held, at paragraph two of the syllabus:

"Assuming that a promise to forbear to sue on a claim is sufficient consideration where the promisor has an honest and reasonable belief in the validity of the claim, it is incumbent upon the party seeking to recover under the contract to establish that belief as part of his burden of proving the sufficiency of the consideration."

We note, however, that standing to bring suit was not an issue in *Forester* or any of the other cases cited by appellant. Rather, as appellee points out, this court in *Forester* at 17 commenced discussion of "valuable consideration" as follows:

"To be sure, it is a well-recognized principle of contract law that *a promise to forbear to prosecute a claim on which one has a right to sue* may be sufficient consideration to support a contract. [Citations omitted.] But, as the very statement of this rule should suggest, the promise to forbear has legal efficacy only in reference to the underlying claim which is surrendered by the passive act of forbearance." (Emphasis added.)

The above language delineates a two-stage process in analyzing a promise to forbear as a valuable consideration: (1) the right to sue on a claim, and (2) the validity of the underlying claim. Thus, as a prerequisite to examining a party's good faith belief in the *validity* of a claim, the court must first find that a party has standing, or the right to bring suit. One cannot forbear bringing a lawsuit upon an alleged claim that cannot be lawfully considered in the first place. Since appellant does not dispute her lack of standing to bring a will contest, the trial court correctly terminated its analysis of the consideration issue at this point and accordingly granted defendant summary judgment.

Therefore, the first assignment is without merit.

II

Next, appellant argues that the court should have granted her motion for partial summary judgment on the issue of appellee's liability under the agreement. Our review of the record reveals the existence of two judgment entries by the trial court, one granting

---

[1] The law of New Jersey, the state in which the Painter will was probated, allows only the next of kin or one named in a prior will to bring a will contest. It is undisputed that plaintiff fell within neither category.

defendant's motion for summary judgment and the other overruling plaintiff's cross-motion for partial summary judgment. Appellant, however, filed an appeal solely from the first judgment granting defendant's motion. Due to appellant's failure to include the second judgment in her notice of appeal pursuant to App. R. 3(C) — requiring designation of the judgment, order or part thereof appealed from — we are without jurisdiction to consider the merits of the second assignment.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

MARKUS and PATTON, JJ., concur.