SADOWSKY, APPELLANT, *v.* INA, APPELLEE.

(No. 50399—Decided June 9, 1986.)

*Jonathan S. Rocker* and *Polly P. Morgenstern,* for appellant.

*Kalk & Valore* and *Jerald L. Moss,* for appellee.

JACKSON, J. Plaintiff-appellant, Larry Sadowsky, appeals a judgment of the Lyndhurst Municipal Court which determined that he was not entitled to recover the sum of $10,000 as compensation for his assistance in purchasing a certain parcel of real property from Michael Bradulov and Helen Bradulov.[1]

[1] Appellant's complaint contained the following allegations:

"1. On or about January 31, 1980, plaintiff entered into a written contract with defendant, a copy of which is attached hereto as Exhibit A, wherein defendant agreed to pay the sum of Ten Thousand (10,000.00) Dollars to plaintiff as compensation for plain-

At a pretrial conference, the parties entered into stipulations and agreed that appellant was not a licensed real estate salesman or real estate broker pursuant to the laws of the state of Ohio.

The case proceeded to trial, and the court ruled that appellant was not entitled to recover because he was not licensed as a real estate broker or real estate salesman. R.C. 4735.21 provided, in pertinent part:

"No right of action shall accrue to any person, partnership, association, or corporation for the collection of compensation for the performance of the acts mentioned in section 4735.01 of the Revised Code, without alleging and proving that such person, partnership, association, or corporation was licensed as a real estate broker. * * *"

The "acts mentioned in section 4735.01" include the following, when carried out in the expectation of a fee, commission, or other valuable consideration:

"(1) Sells, exchanges, purchases, rents, or leases, or negotiates the sale, exchange, purchase, rental, or leasing of;

"(2) Offers or attempts or agrees to negotiate the sale, exchange, purchase, rental, or leasing of;

"* * *

"(6) Advertises or holds himself out as engaged in the business of selling, exchanging, purchasing, renting, or leasing real estate;

"(7) Assists or directs in the procuring of prospects or the negotiation or closing of any transaction, other than mortgage financing, which does or is calculated to result in the sale, exchange, leasing, or renting of any real estate;

"* * *" Former R.C. 4735.01(A)(1), (2), (6) and (7).

On appeal to this court, appellant argues[2] that the trial court's finding is against the weight of the evidence. Appellant contends that he merely introduced buyer and seller, who then struck their own deal. This contention is not supported by appellant's own testimony at trial, however:

"Q. Mr. Sadowsky, how much time in terms of hours would you say that you spent on Mr. Ina's behalf in this real estate transaction?

"A. Well, I know that when we started it it was in the later part of the summer of [']79, first part of the fall and continued for three or four, five months into 1980, into the winter, part-time. I would say I had been out to the place a dozen times either with Ina or by myself. I would say involving meetings with Mr. Ina, involving meetings with Mr. Difini, I would say as far as hours are concerned, that's hard to determine. I can't say whether it was five hours times 12,

---

tiff's assistance in purchasing a certain parcel of real property from one Michael Bradulov and Helen Bradulov.

"2. Plaintiff was successful in enabling defendant to consummate the purchase of said real property. Defendant has, however, failed and refused to pay the compensation agreed upon for the advice and assistance rendered pursuant to the aforementioned contract."

[2] Assignments of Error:

"1. The finding of fact of the court below that plaintiff-appellant 'assisted and procured' the sale of real estate, thereby violating provisions of R.C. Sec. 4735.01 et seq. is contrary to the greater weight of the evidence.

"2. The conclusion as a matter of law of the court below that where an unlicensed individual 'in any way' provides service in procuring a buyer or seller in a real estate transaction R.C. Sec. 4735.01 et seq. is thereby violated is contrary to R.C. Sec. 4735.01 et seq., and to the recent pronouncement of the Eighth District Court of Appeals in State v. Rentex, Inc. (1977), 51 Ohio App. 2d 57."

60 hours, or whether it was 160 hours. I just know it was a lot of time."

Appellant also argues that what he is seeking cannot properly be characterized as a real estate commission. But at trial, he stated:

"Q. How did the discussion come up that you would be paid for what you did?

"A. Well, I just knew that it was common knowledge that property, when it is sold, would sell on a commission basis from five to six percent and then seven percent commission, that is generally what realtors make when they sell property and homes."

Appellant next contends that he is not trying to enforce his right to a real estate commission, but is instead merely suing on a contract in which he agreed to waive that right in return for $10,000. However, since appellant had no legal right to a commission, he waived nothing, and therefore failed to furnish sufficient consideration. See *Schloss* v. *McGinness* (1984), 16 Ohio App. 3d 96, 97, 16 OBR 101, 103, 474 N.E. 2d 666, 668 ("One cannot forbear bringing a lawsuit upon an alleged claim that cannot be lawfully considered in the first place.").

Finally, appellant argues that his claim is supported by a decision of this court: *State* v. *Rentex, Inc.* (1977), 51 Ohio App. 2d 57, 5 O.O. 3d 173, 365 N.E. 2d 1274. *Rentex* was correctly decided on its facts, but the case at bar is readily distinguishable. In *Rentex,* this court considered a business enterprise which merely sold "somewhat elaborate descriptions of available rental property. * * *" *Rentex, supra,* at 61, 5 O.O. 3d at 175, 365 N.E. 2d at 1277. That operation was contrasted against "an agency relationship between the seller and broker with the purpose of effecting a juncture between buyers and sellers of real property with an ultimate pecuniary reward to the broker for his part in bringing the parties together. * * *" *Id.*

The record indicates that appellant's role herein bore more resemblance to the latter scenario, for which a license is required. *Rentex* is not apposite here.

Accordingly, appellant's assignments of error are overruled, and the judgment of the court below is affirmed.

*Judgment affirmed.*

MARKUS, P.J., and PATTON, J., concur.