OPINION
This appeal arises from a trial court judgment sentencing Appellant, Christopher J. Evans, to one year of incarceration following his guilty plea to a count of escape in violation of R.C. § 2921.34(A)(1). For the following reasons, we affirm the judgment of the trial court.
In his brief to this Court, Appellant attaches, as exhibits, journal entries that are not contained in the trial court record. They reflect that on August 10, 1998, Appellant pleaded guilty to one count of forgery in violation of R.C. § 2913.31(A)(2) [Case No. 97-CR-080]. Appellant was sentenced to one year of incarceration, suspended, pending Appellant's acceptance into a community control program at Eastern Ohio Correctional Center (EEOC) for a term of six months. Appellant's failure to abide by the terms for community control sanctions would result in incarceration. In the event that Appellant was not accepted into EEOC, Appellant was subject to six months of incarceration in the Belmont County Jail.
On October 20, 1998, a warrant was issued for Appellant's arrest after he walked away from EEOC. Almost a year later, on September 10, 1999, the State of Ohio filed a motion to revoke community control sanctions and to reimpose the suspended prison sentence. On October 1, 1999, the trial court filed a journal entry imposing the original one year jail sentence with seventy-nine days of jail credit. On December 1, 1999, the trial court filed an amended journal entry ordering Appellant to serve the remainder of his sentence in prison consecutively with his sentence in Case No. 99-CR-193, where Appellant plead guilty to one count of escape. The trial court also credited Appellant with an additional seventy-eight days of jail time. Appellant did not appeal any order filed in Case No. 97-CR-080.
The record before this Court as certified by the clerk of courts indicates that on October 7, 1999, Appellant was indicted on one count of escape in violation of R.C. § 2921(A)(1) in Case No. 99-CR-193. By journal entry filed on November 9, 1999, Appellant withdrew his former not-guilty plea and entered a plea of guilty to the escape charge. By journal entry filed on November 24, 1999, the trial court sentenced Appellant to one year in prison on the escape charge, with ten days of jail credit. This sentence was to be served consecutively with the sentence imposed in Case No. 97-CR-080. This order made no provision for the location at which Appellant was to serve his sentence in Case No. 97-CR-80.
On December 13, 1999, Appellant filed his notice of appeal from the trial court's sentencing order in Case No. 99-CR-193 which was filed on November 24, 1999.
In his brief to this Court, Appellant states as his sole assignment of error:
 "THE COURT ERRED AS A MATTER OF LAW AND TO THE PREJUDICE OF THE APPELLANT BY CHANGING THE TERMS OF THE INCARCERATION BY CHANGING THE SITE WHERE THE APPELLANT WAS TO SERVE HIS SENTENCE."
Appellant argues that although the trial court acted properly in imposing the original sentence for the forgery charge, the trial court lacked authority to order the sentence served in a state penitentiary when the original sentencing order provided that the sentence would be served in the Belmont County Jail in the event that Appellant violated the terms of his community control sanctions. Unfortunately for Appellant, we are unable to review this argument as it is not properly before this Court.
App.R. 4(D) provides in relevant part that a notice of appeal shall designate the judgment, order or part thereof appealed from. An appellate court is without jurisdiction to review a judgment or order which is not designated in an appellant's notice of appeal. Parks v. Baltimore OhioRR (1991), 77 Ohio App.3d 426, 428 citing Schloss v. McGinness (1984),16 Ohio App.3d 96, 97-98.
In the present matter, Appellant filed his notice of appeal from the sentencing order in Case No. 99-CR-193, filed on November 24, 1999. Appellant's argument here stems from and revolves around an "`Amended' Judgment Entry of Sentencing for Violation of Community Control Sanction" filed in Case No. 97-CR-080 on December 1, 1999. Not only is this latter order not identified in Appellant's notice of appeal, but it is also not a part of the case from which Appellant appeals. As noted earlier, this order, and the others on which Appellant relies, were attached to his brief but are not part of the certified record before this Court. Although, based on Appellant's brief, there appears to be a relationship between the order appealed and the order addressed by Appellant's argument in his brief, these remain two separate and distinct orders from two separate and distinct cases. Therefore, we are without jurisdiction to review the order requiring Appellant to serve his sentence in Case No. 97-CR-080 in a state penitentiary as this order was never certified for review.
As Appellant raises no other assignment of error relevant to the trial court's judgment in Case No. 99-CR-193, we must affirm the trial court's judgment and sentence imposed in this matter.
Vukovich, P.J., concurs.
DeGenaro, J., concurs.