OPINION
{¶ 1} Appellant appeals from his conviction and sentence entered upon his pleas of guilty to five counts of forgery, felonies of the fifth degree, in violation of R.C. 2913.31(A)(3), and one count of Identity Fraud, in violation of R.C.2913.49(B)(2), a misdemeanor of the first degree, before the Muskingum County Court of Common Pleas.
 {¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On February 15, 2004, Appellant was indicted on five counts of forgery in violation of R.C. 2913.31(A)(3) and one count of Identity Fraud, in violation of R.C. 2913.49(B)(2).
 {¶ 4} On March 2, 2004, counsel filed a Notice of Appearance, Request for a Bill of Particulars, Demand for Discovery and Motion for Exculpatory Evidence on appellant's behalf.
 {¶ 5} On March 3, 2004, appellant was arraigned and entered pleas of not guilty to the charges. The court scheduled a trial date for April 20, 2004.
 {¶ 6} On March 4, 2004, the same counsel who had entered an appearance and previously filed for discovery on appellant's behalf was appointed to represent appellant.
 {¶ 7} On March 5, 2004 appellant filed a motion to reduce bond. The Appellee responded, and the court denied appellant's motion on March 9, 2004.
 {¶ 8} On April 16, 2004, Appellant entered pleas of guilty to each of the charges contained in the indictment. Appellant signed a Change of Plea form. Said form stated that Appellant was satisfied with his attorney's advice and competence, that no threats had been made and no promises had been made to him as part of the plea agreement. In addition, the form indicated that the State and the appellant had engaged in plea negations with the result that they could not agree on a joint sentencing recommendation to the Court, therefore each party would make independent recommendations for sentence to the Court at the time of sentencing. The trial court accepted appellant's pleas and deferred sentencing pending the completion of a pre-sentence investigation report.
 {¶ 9} On May 17, 2004, the trial court sentenced appellant to serve a stated prison term of twelve (12) months on each of the five felony counts and a term of local incarceration of six (6) months on the misdemeanor charge. The court ordered that Counts One and Two be served concurrently and that Counts Three, Four and Five are served concurrently, but consecutive to Counts One and Two. Count Six, the misdemeanor charge ran concurrent to the felony charges by operation of law. The aggregate sentence therefore was a term of two (2) years.
 {¶ 10} Appellant did not appeal this sentence. However, on June 30, 2004, appellant's counsel filed a Motion for Judicial Release pursuant to R.C. 2929.20. On July 2, 2004, appellant, pro se, filed a Motion for Modification of Sentence. The State filed a memorandum in opposition to appellant's motion for judicial release on July 15, 2004. The trial court entered separate orders overruling appellant's motion for judicial release and motion for sentence modification on July 19, 2004.
 {¶ 11} On August 17, 2004 appellant, pro se, filed a notice of appeal. On October 26, 2004 the trial court appointed counsel for appellant's appeal.
 {¶ 12} Appellant filed his brief, pro se, setting forth the following five assignments of error:
 {¶ 13} "I. Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 14} "II. Fifth Amendment double jeopardy clause of multiple and cumulative sentences. the supreme court declared that it would not permit prosecutors to avoid the double jeopardy.
 {¶ 15} "III. When imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing.
 {¶ 16} "IV. A court that imposes a sentence upon an offender for a felony shall not base the sentence upon the race, ethnic background, gender, or religion of the offender.
 {¶ 17} "V. The terms so imposed are inadequate to punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the revised code indicating a greater likelihood of recidivism outweigh the applicable factors under that section indicating a lesser likelihood of recidivism."
 {¶ 18} Appellant's counsel has raised the following assignment of error:
 {¶ 19} "VI. Appellant was denied the effective assistance of counsel in that court appointed counsel failed to fully advise appellant of the possible lengthy period of incarceration appellant might receive from the trial court."
 I, II, II, IV, V VI. {¶ 20} Appellate Rule 3(D) provides, in pertinent part, that "[t]he notice of appeal . . . shall designate the judgment, order or part thereof appealed from. . . ." We agree with the Eighth District Court of Appeals which has held that "App.R. 3 must be construed in light of the purpose of a notice of appeal, which is to notify appellees of the appeal and advise them of `just what appellants . . . [are] undertaking to appeal from.'" Parks v.Baltimore Ohio RR (1991), 77 Ohio App.3d 426, 428,602 N.E.2d 674, (citing Maritime Manufacturers, Inc. v. Hi-Skipper Marina
(1982), 70 Ohio St.2d 257, 258-259, 436 N.E.2d 1034). An appellate court need not review the merits of the judgment or order, unless it is designated or otherwise referenced in the notice of appeal. Id.; Schloss v. McGinness (1984),16 Ohio App.3d 96, 97-98, 474 N.E.2d 666; State v. Perez, 5th Dist. No. 03-CA-107, 2004-Ohio-3646 at ¶ 22.
 {¶ 21} Appellant never filed a Notice of Appeal from the May 20, 2004, Judgment Entry sentencing appellant. Appellant, in his August 17, 2004 Notice of Appeal, only appealed from the trial court's July 19, 2004 Judgment Entry denying his motion to modify sentence. This Court cannot address the merits of appellant's arguments as we find this Court does not have jurisdiction to hear this appeal. Appellant contends that he is appealing from the trial court's denial of his Motion for Modification of Sentence. However, the errors alleged in appellant's appeal arise from the trial court's May 20, 2004, Judgment Entry of Sentence. In that Judgment Entry, the trial court imposed the sentence from which appellant appeals and ordered that the sentences be served consecutively. Appellant did not appeal from that Judgment Entry.
 {¶ 22} A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed. . . ." App. R. 4. Because appellant failed to file a notice of appeal within thirty days of the Judgment Entry of Sentencing, this court is without jurisdiction to determine the merits of appellant's appeal. See App. R. 3.
 {¶ 23} Accordingly, appellant's appeal is dismissed.
 {¶ 24} For the foregoing reasons, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is dismissed.
Gwin, P.J., Farmer, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is dismissed. Costs to appellant.