OPINION *Page 2 
{¶ 1} On May 13, 2004, appellee, Carolyn Kidd, filed a complaint against her former husband, appellant, Robert Kidd. The first cause of action sought to partition a thirty-eight foot 1995 Fountain Sport Cruiser boat and Eagle trailer which were jointly purchased by the parties in 2000. The second cause of action sought a restraining order prohibiting appellant from removing the boat and/or equipment. The third cause of action sought $2,397.50 for boat dock fees lent to appellant. The fourth cause of action sought $40,000.00 appellee had borrowed from her Premier Reserve line of credit to help close the deal on the boat. Appellee alleged that appellant promised if she did not initiate legal proceedings to partition the boat, he would pay her the $40,000.00 after he received his retirement check, and would remove her name from the $105,495.00 loan both parties executed from Park National Bank for the purchase of the boat. Because appellant did not perform his end of the bargain, appellee sought the $40,000.00 amount.
 {¶ 2} On August 26, 2004, the parties filed an agreed entry wherein the first two causes of action were dismissed. Appellant purchased the boat and trailer for $115,400.00. The joint $105,495.00 loan was paid off and the remaining amount, $13,976.76, was placed into escrow.
 {¶ 3} A bench trial before a magistrate on the two remaining causes of action was held on February 1, 2006. By decision filed August 11, 2006, the magistrate found in favor of appellee in the amount of $40,000.00, plus $2,397.50 for the boat dock fees. Appellant filed objections. By judgment entry filed September 18, 2006, the trial court *Page 3 
denied the objections and affirmed the magistrate's decision. A final judgment entry was filed on October 4, 2006.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE TRIAL COURT ERRED BY FAILING TO ADDRESS THE REQUIRED ELEMENTS OF PROMISSORY ESTOPPEL AND FAILING TO FIND THAT PLAINTIFF-APPELLEE DID NOT SUFFER ANY DETRIMENT OR DAMAGES IN RELIANCE ON THE PROMISE."
 II {¶ 6} "THE TRIAL COURT ERRED BY FINDING THAT PLAINTIFF-APPELLEE'S MERE DELAY IN FILING HER PARTITION ACTION CONSTITUTED VALID LEGAL CONSIDERATION TO SUPPORT A CONTRACT BETWEEN THE PARTIES."
 III {¶ 7} "THE CONTRACT WAS INVALID FOR FAILURE OF CONSIDERATION."
 I {¶ 8} Appellant claims the trial court erred in not determining the issue of promissory estoppel. We disagree.
 {¶ 9} Appellant argues appellee, in her Fourth Cause of Action at ¶ 27-29, averred that she relied on appellant's promises and refrained from initiating a partition action until she filed the case sub judice: *Page 4 
 {¶ 10} "27. Defendant Kidd requested that Plaintiff withhold partition proceedings and that in exchange for this forbearance, he would repay Plaintiff upon the receipt of certain monies.
 {¶ 11} "28. That in reliance upon Defendant Kidd's promises, Plaintiff refrained from bringing partition proceeding.
 {¶ 12} "29. Defendant Robert R. Kidd has breached the agreement by refusing to repay Plaintiff although he received the monies from which he agreed to repay her."
 {¶ 13} We disagree with appellant's position that the magistrate and trial court failed to address the issues framed by the complaint. The allegations cited supra were for a breach of contract claim regarding appellant's promise to pay appellee the $40,000.00 she had borrowed to close the deal on the boat. At ¶ 43 of the magistrate's August 11, 2006 decision, approved by the trial court via judgment entry filed September 18, 2006, the magistrate and the trial court addressed the issues raised in the Fourth Cause of Action as follows:
 {¶ 14} "43. As a result of Defendant's initial attempts to sell the boat, and his eventual agreement to pay her $40,000.00 when he received his retirement check, Plaintiff forbore taking any action to have the boat sold. Plaintiff relied on his promise to her continued financial detriment, since she had to continue making payments on the $40,000.00 mortgage loan."
 {¶ 15} Also, in Conclusions of Law Nos. 74-77, the magistrate and the trial court determined there was a valid enforceable contract. The trial court concluded at ¶ 79 and 80 that promissory estoppel was not the proper remedy: *Page 5 
 {¶ 16} "79. Promissory Estoppel, which has been repeatedly asserted by the Defendant as the Plaintiff's only means of recovery, is only applicable if an agreement or promise is made without consideration.
 {¶ 17} "80. Therefore, Promissory Estoppel is not applicable in the instant matter because the agreement between the parties was supported by consideration."
 {¶ 18} Upon review, we find the trial court addressed the issue of promissory estoppel.
 {¶ 19} Assignment of Error I is denied.
 II, III {¶ 20} These assignments attack the trial court's findings that forbearance was consideration, and a valid enforceable contract existed between the parties. Appellant claims there was no consideration and no valid contract. We disagree.
 {¶ 21} As noted during the oral argument, the facts found by the magistrate and the trial court up to Finding of Fact No. 37 are not in dispute. At issue is whether the agreement to forbear the right to initiate a partition action and force the sale of the boat is sufficient and valid consideration to establish a contract.
 {¶ 22} "To be sure, it is a well-recognized principle of contract law that a promise to forbear to prosecute a claim on which one has a right to sue may be sufficient consideration to support a contract. * * * But, as the very statement of this rule should suggest, the promise to forbear has legal efficacy only in reference to the underlying claim which is surrendered by the passive act of forbearance. For it would be neither equitable nor legally sound to hold that the utterance of a promise to forbear is sufficient consideration in the sense that the performance of the promise results in a legal *Page 6 
detriment to the promisor, if the promisor did not have a valid actionable claim to surrender." Forester v. Scott (1973),38 Ohio App.2d 15, 17. (Footnote omitted).
 {¶ 23} The above language "delineates a two-stage process in analyzing a promise to forbear as a valuable consideration: (1) the right to sue on a claim, and (2) the validity of the underlying claim." Schloss v.McGinness (1984), 16 Ohio App.3d 96, 97.
 {¶ 24} Appellant argues appellee gave up her right to file a partition action from the time he received his retirement check (January 23, 2003) to the demand for payment (August 21, 2003), and therefore her damages in paying on the $40,000.00 loan during this time frame amounted to $2,682.03. The time frame was never precisely testified to, but it was from the time of the parties' return from Florida in November of 2001 at the earliest, to January 23, 2003 when appellant received his retirement check at the latest. Appellant filed her complaint on May 13, 2004, therefore, the forbearance time frame was either two and one-half years or sixteen months.
 {¶ 25} There is no dispute that appellee had a vested legal right to seek a partition action for the value of her portion of the boat. Further, she was continually obligated on the promissory note of $105,495.00 until the agreed entry of August 26, 2004. See, Findings of Fact Nos. 18 and 23.
 {¶ 26} We find even the minimal forbearance of a partition action for sixteen months is consideration as it was "something of value."Yardmaster, Inc. v. Orris (June 29, 1984), Lake App. No. 9-305.
 {¶ 27} Upon review, we find the trial court did not err in finding consideration and that a valid enforceable contract existed between the parties. *Page 7 
 {¶ 28} Assignments of Error II and III are denied.
 {¶ 29} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
 By Farmer, P.J., Wise, J. and Edwards, J. concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed. *Page 1