[Cite as *State v. Strothers*, 2012-Ohio-5062.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
## No. 97687

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## GERALD STROTHERS

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-552709

**BEFORE:**   E. Gallagher, J., Sweeney, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**   November 1, 2012

**ATTORNEY FOR APPELLANT**

Michael P. Maloney
24441 Detroit Road
Suite 300
Westlake, Ohio   44145


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By:    Daniel T. Van
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113


**ON RECONSIDERATION**[1]

---

[1]The original announcement of decision *State v. Gerald Strothers,* 8th Dist. No. 97687, 2012-Ohio-4275, released September 20, 2012, is hereby vacated.  This opinion, issued upon reconsideration, is the court's journalized decision in this appeal.   *See* App.R. 22(C); *see also* S.Ct.Prac.R. 2.2(A)(1).

EILEEN A. GALLAGHER, J.:

**{¶1}** Gerald Strothers appeals from his conviction rendered in the Cuyahoga County Court of Common Pleas. Strothers argues that the court erred in denying his Crim.R. 29 motion for acquittal, in overruling his motion to suppress evidence, and in admitting opinion evidence. For the following reasons, we affirm Strothers' conviction.

**{¶2}** East Cleveland Police Detective Antonio Malone testified that he received information from a confidential informant that a house was being used to facilitate prostitution at 14019 Northfield Avenue in East Cleveland, Ohio. The informant told police of a website, "Backpage.com," which advertised those services. Officer Malone and East Cleveland Police Sergeant Randy Hicks began an investigation.

**{¶3}** Sergeant Hicks testified at trial as to the results of this investigation. Hicks stated that through an investigation of postings on Backpage.com, he was able to discover a brothel being run in East Cleveland that was called the "Chocolate Factory" or "Batcave." Hicks explained the web postings provided a phone number to which text messages could be sent in order to become a "member" of the Chocolate Factory. He was later able to confirm that the phone number was assigned to Gerald Strothers and that phone number was posted on his personal Facebook page. Hicks testified that he sent a text message to the number provided on the advertisements (the same number on

Strothers' Facebook page) posing as a "John" who was interested in the Chocolate Factory's services. He stated that in return he received several messages that quoted prices, gave the address of the house and several photographs of naked females were transmitted. The address that was provided was the same as the one listed on Gerald Strothers' Facebook page.

{¶4} Detective Malone also testified as to the investigation. He stated that he then called Strothers posing as the "John." The telephone calls were recorded, audio and video, and admitted into evidence. Strothers stated during the telephone call that the price for "full service" was $69.99. Detective Malone testified that in his experience "full service" meant "oral sex and regular sex, intercourse." Malone arranged to arrive at the house on July 21, 2011, where he would meet with Shatori Stallings. After the phone call, Malone received a text message again advising him of the address. This text was sent from another telephone number Malone established as belonging to Strothers via Strothers' Facebook page. A search warrant was obtained and executed on July 21, 2011, and both Strothers and Stallings were arrested.

{¶5} Hicks testified that after arresting Strothers, he accused Strothers of running a brothel and advised Strothers about the text message and phone call evidence. Strothers admitted he made a mistake and apologized.

{¶6} Stallings also testified in this case. She stated that she met Strothers a few months prior to the date of the arrest. She had been to Strothers' house on at least two

occasions prior to the date of the arrest. She stated that the first time she went to the house, she and Strothers discussed his Backpage.com business to promote sex and he suggested that she work for him with a 60/40 split. Stallings testified that at that point she agreed to work for Strothers. Stallings also stated that she posed for photographs that Strothers took of her on a motorcycle wearing underwear, the same photos that police received via text message from Strothers the day the search warrant was executed. Stallings testified that on July 21, 2011, Strothers contacted her and asked her to be a fill in because he was not sure if other girls were available. When she was asked at trial as to what she would be filling in for, she stated, "[h]aving sex for money."

{¶7} Strothers was convicted of two counts of promoting prostitution, one count of possession of criminal tools and one count of the lesser included offense of attempted promoting of prostitution. He was sentenced to one year of community control sanctions. It is from this conviction that he appeals.

{¶8} Strothers' three assignments of error are as follows:

Assignment of Error I

The trial court erred in denying appellant's criminal rule 29 Motion for Acquittal when there was insufficient evidence to prove the elements of promoting prostitution.

Assignment of Error II

The trial court erred in denying appellant's motion to suppress evidence.

Assignment of Error III

The trial court erred in admitting opinion evidence of a detective.

{¶9} In his first assignment of error, Strothers argues that the court erred when it denied his Crim.R. 29 motion for acquittal.

{¶10} "[T]he test an appellate court must apply when reviewing a challenge based on a denial of a motion for acquittal is the same challenge based on the sufficiency of the evidence to support a conviction." *State v. Thompson*, 127 Ohio App.3d 511, 525, 713 N.E.2d 456 (8th Dist.1998). This court has said, in evaluating a sufficiency of evidence argument

> [c]ourts are to assess not whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. The weight and credibility of the evidence are left to the trier of fact. *State v. Jackson*, 8th Dist. No. 86542, 2006-Ohio-1938, ¶ 23.

{¶11} Strothers was convicted of promoting prostitution by violating R.C. 2907.22(A)(1) and (A)(4), and attempting to violate R.C. 2907.22(A)(2). This statute reads,

> (A) No person shall knowingly: (1) Establish, maintain, operate, manage, supervise, control, or have an interest in a brothel; (2) Supervise, manage, or control the activities of a prostitute in engaging in sexual activity for hire; * * * (4) For the purpose of violating or facilitating a violation of this section, induce or procure another to engage in sexual activity for hire.

{¶12} There is nothing in this statute to define the word "brothel." However, this court has defined a brothel as, "synonymous with the word 'bordello,' which is

defined as 'a building in which prostitutes are available.'" *State v. Kiriazis*, 8th Dist. No. 82887, 2004-Ohio-502 (citing *Merriam Webster's Collegiate Dictionary,* 146 (10 Ed.1996))

**{¶13}** The attempt statute, R.C. 2923.02 reads, "No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense. * * * Whoever violates this section is guilty of an attempt to commit an offense."

**{¶14}** Strothers was also convicted of possessing criminal tools by violating R.C. 29.23.24(A), which reads, "(A) No person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally."

**{¶15}** We find that the testimony, if believed, does establish all the individual elements of the crimes for which Strothers was convicted. First, we examine promoting prostitution. The testimony of the police officers in this case establish that Strothers created a website to promote the use of his home for members of the "Chocolate Factory" to meet women who were advertised under Backpage.com's escort section. These advertisements had Strothers' phone numbers and address associated with them. When Detective Malone called the number to arrange a time to come to the chocolate factory he spoke with Strothers, who quoted a price of $69.99 and instructed him to bring about $100-150 with him. When these facts are taken in conjunction with the

testimony of Stallings who stated Strothers wanted her to work at that house, on the same day, and engage in acts of "having sex for money," it is clear that a trier of fact could find that Strothers was, in fact, promoting prostitution. Strothers was managing a "building in which prostitutes were available." He procured Stallings for the purposes of engaging in sex for hire, and the record is clear that he attempted to supervise, manage, or control the activities of a prostitute in engaging in sexual activity for hire. The elements of the offenses have been established by the state, and a rational trier of fact, looking at the evidence in the light most favorable to the prosecution could find beyond a reasonable doubt that Strothers committed the crimes he was convicted of for promoting prostitution. *Jackson*.

{¶16} We also find that the elements of possessing criminal tools have been supported by sufficient evidence. Our analysis with respect to the crime of promoting prostitution, in conjunction with the materials removed from the house and bagged as evidence, establish that Strothers possessed devices or instruments with purpose to use them criminally. Police confiscated cell phones that rang when the numbers associated with both the "Chocolate Factory" and Strothers were called. They confiscated two books titled "Sex Secrets of Escorts" and "A Blueprint for Escort Services." They also seized a bag of what was estimated to be about 20 condoms. The conduct that Strothers was engaged in leads a reasonable trier of fact to identify these items as those that would be used by Strothers for a criminal purpose beyond a reasonable doubt.

**{¶17}** Strothers' first assignment of error is overruled.

**{¶18}** In his second assignment of error, Strothers argues the trial court erred in denying his motion to suppress all evidence collected from his home during the search on July 21, 2011. In particular, Strothers argues that the affidavit filed in support of the search warrant did not provide sufficient probable cause to issue the warrant. This argument lacks merit.

**{¶19}** In outlining our standard of review, the Second District in *State v. Mays*, 2d Dist. No. 23986, 2011-Ohio-2684

> appellate courts give great deference to the factual findings of the trier of facts. At a suppression hearing, the trial court serves as the trier of fact, and must judge the credibility of witnesses and the weight of the evidence. The trial court is in the best position to resolve questions of fact and evaluate witness credibility. In reviewing a trial court's decision on a motion to suppress, an appellate court accepts the trial court's factual findings, relies on the trial court's ability to assess the credibility of witnesses, and independently determines whether the trial court applied the proper legal standard to the facts as found. An appellate court is bound to accept the trial court's factual findings as long as they are supported by competent, credible evidence. (Internal citations omitted.)

> The Fourth Amendment to the United States Constitution and Section 14, article 1 of the Ohio Constitution requires [sic] that a warrant only be issued if probable cause for the warrant is demonstrated through an oath or affidavit. *State v. Robinson*, 2d Dist. No. 20458, 2004-Ohio-5281.

> In determining the sufficiency of probable cause in an affidavit submitted in support of a search warrant, [t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." (*Illinois v. Gates* [1983], 462 U.S. 213, 238-239, 103

S.Ct. 2317, 76 L.Ed.2d 527 followed.)

In reviewing the sufficiency of probable cause in an affidavit submitted in support of a search warrant issued by a magistrate, neither a trial court nor an appellate court should substitute its judgment for that of the magistrate by conducting a de novo determination as to whether the affidavit contains sufficient probable cause upon which that court would issue the search warrant. Rather, the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. In conducting any after-the-fact scrutiny of an affidavit submitted in support of a search warrant, trial and appellate courts should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant. *Id.*

{¶20} In the instant case, Strothers directs us to the affidavit submitted to the judge by Detective Randy Hicks. The affidavit described the facts gathered regarding Strothers' sex for hire and prostitution business in detail. Strothers does not dispute this fact. However, Strothers alleges that Detective Hicks, the affiant, did not participate in the conversations involving payment for sexual acts, nor did he articulate the sexual acts discussed between Strothers and Detective Malone. Notwithstanding the foregoing, the trial court permitted Detectives Malone and Hicks to testify about their understanding of the words "full service" as oral sex and sexual intercourse. Strothers argues this explanation is not contained in the affidavit and without this additional information, the affidavit was insufficient. We disagree.

{¶21} Courts have generally held that "in determining whether probable cause exists to support the issuance of a search warrant, a trial court is confined to the four corners of the affidavit and any recorded testimony made part of the affidavit pursuant to

Crim. R. 41(C)." *State v. O'Connor*, 12th Dist. No. CA2001-08-195, 2002-Ohio-4122, *Mays*. It is apparent from Strothers' argument that he takes issue with the court's allowing elaboration testimony about the investigation. We find no error with the trial court allowing such explanation. The four corners of the Detective Hicks' affidavit clearly provide probable cause that a person utilizing the telephone number (216) 244-9058 was advertising sexual services through a website. The affidavit indicated that when the number was called, there was a recorded discussion about sexual services and the prices for sexual services being provided at 14019 Northfield. Thus, we conclude that the affidavit contained sufficient evidence to support the issuance of the search warrant.

**{¶22}** Strothers' second assignment of error is overruled.

**{¶23}** Strothers argues in his third assignment of error that the court erred in allowing Malone to provide testimony that amounted to opinion testimony on three occasions.

**{¶24}** Ohio rules do allow lay witnesses to present opinion testimony. The Ohio Rules of Evidence state,

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue. Evid.R. 701.

**{¶25}** Assessment of admission of lay person opinion testimony is evaluated

under an abuse of discretion standard. The Ohio Supreme Court has stated, "[w]e must review the trial court's decision whether to admit evidence under Evid.R. 701 according to an abuse of discretion standard, which has been defined as connoting 'more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court.'" (Internal citations omitted.) *Urbana ex rel. Newlin v. Downing*, 43 Ohio St.3d 109, 113, 539 N.E.2d 140 (2d Dist.1989).

{¶26} Strothers alleges that the trial court erred when it allowed Malone to testify as to the meaning of "full service." Malone described "full service" as meaning "oral sex and regular sex." As Strothers failed to object to this testimony at trial, it must be examined under a plain error standard. In order for this opinion to constitute plain error, first it must be apparent from the record that it amounted to an error. Under the abuse of discretion standard we do not find that the court allowing this testimony was "unreasonable, arbitrary, or unconscionable." *Id*. The opinion seems to be rationally based on Malone's perception given all the information he discovered during his investigation. Furthermore, it is helpful to determine a fact or issue in the case. It does not amount to error on the court's part to allow this testimony; it is in line with the allowances of lay person testimony under Evid.R. 701. Therefore, the second step in the plain error analysis is unnecessary. This does not amount to plain error.

{¶27} Strothers' next two alleged errors of allowing opinion testimony were objected to in court. Therefore, the plain error standard is not required, and we evaluate

these arguments solely under the aforementioned abuse of discretion standard.

{¶28} Malone testified to the fact that brothels often have a door fee. This was relevant because the text messages received by the police instructed them to bring a case of bottled water or beer as a substitute for the door fee. Malone stated he learned of this practice while researching brothels. The next opinion Malone was allowed to testify to was the statement he made that criminals do not like to talk about prices on the phone. This was relevant because during the second recorded telephone call, Strothers stated that he did not want to discuss prices over the phone, even though he did so during the first conversation. The Ohio Supreme Court stated, "Evid. R. 701 contemplates that the opinion testimony of the lay witness will be helpful. Undoubtedly, the trial judge thought that that was the case. Admission of such testimony was not required, but it was not an abuse of discretion to hear it." *Urbana* at 113. The testimony provided was that of a police detective who researched the practice of brothels utilizing door fees and who had extensive experience as to how criminals speak on the telephone. Malone stated he had investigated about 400 drug cases and 15 to 20 prostitution cases. It does not constitute an abuse of discretion that the court allowed this testimony as it was deemed reliable and helpful.

{¶29} Strothers' third and final assignment of error is overruled.

{¶30} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

JAMES J. SWEENEY, P.J., and
SEAN C. GALLAGHER, J., CONCUR