[Cite as *Cleveland v. Traylor*, 2023-Ohio-4314.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF CLEVELAND,                           :

    Plaintiff-Appellee,              :

                                    No. 112530

    v.                               :

LE'MYKA TRAYLOR,                             :

    Defendant-Appellant.             :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 30, 2023

---

Criminal Appeal from the Cleveland Municipal Court
Case No. 2022-CRB-007941

---

### *Appearances:*

Mark Griffin, Cleveland Director of Law, and Matthew Bezbatchenko, Assistant Director of Law, *for appellee.*

John H. Lawson, *for appellant.*

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant, Le'Myka Traylor ("Traylor"), appeals his convictions for aggravated menacing and telephone harassment. He raises the following assignments of error for review:

> **Assignment of Error I:** The trial court erred in permitting [plaintiff-appellee, City of Cleveland ("City")] to introduce evidence of other acts pursuant to Evid.R. 404(B).

**Assignment of Error II:** [Traylor]'s right to effective assistance of counsel was violated when counsel failed to demand or receive a bill of particulars and challenge admissibility of other acts pursuant to Evid.R. 404(B).

**Assignment of Error III:** The trial court erred by failing to apply Evid.R. 404(B) in not inquiring as to whether or not defense counsel received reasonable notice of the general nature of the evidence [the City] intended to introduce at trial and failed to determine if one of the exceptions in [Evid.R.] 404(B) was applicable.

{¶ 2} For the reasons set forth below, we affirm Traylor's convictions.

## I. Facts and Procedural History

{¶ 3} We initially note that Traylor filed a notice of appeal from Case No. 2022-CRB-007941, where he was charged with aggravated menacing in violation of Cleveland Codified Ordinances ("C.C.O.") 621.06 and telecommunications harassment in violation of C.C.O. 621.10. These charges arise from allegations that, in September 2022, Traylor sent two threatening messages to Florine Lee ("Lee") via Cash App.

{¶ 4} Traylor also challenges his aggravated menacing conviction in Case No. 2002-CRB-008980 for allegations that, in October 2022, he drove by Lee's home and threatened to kill her. App.R. 3(D) provides that a notice of appeal "shall designate the judgment, order or part thereof appealed from[.]" This court has held that it is "without jurisdiction to review a judgment or order which is not designated in appellant's notice of appeal." *State v. Wright*, 8th Dist. Cuyahoga No. 95634, 2011-Ohio-3583, citing *Parks v. Baltimore & Ohio RR.*, 77 Ohio App.3d 426, 428, 602 N.E.2d 674 (8th Dist.1991), citing *Schloss v. McGinness*, 16 Ohio App.3d 96, 97-98, 474 N.E.2d 666 (8th Dist.1984). While both cases were tried together in the

matter before us, we decline to address any issues concerning Traylor's aggravated menacing conviction in Case No. 2002-CRB-008980 because Traylor failed to include this case in the notice of appeal and did not provide this court with the full record of that case. Therefore, our discussion will solely address the issues Traylor raises in Case No. 2022-CRB-007941.

{¶ 5} The following evidence was adduced at the bench trial relevant to the aggravated menacing and telecommunications harassment charges in Case No. 2022-CRB-007941.[1]

{¶ 6} Cleveland Police Officer Torres ("Officer Torres") testified that on September 14, 2022, she and her partner responded by telephone to a call from Lee who advised that Traylor was threatening Lee via Cash App. Officer Torres testified that there was a prior history of domestic violence between Traylor and Lee. Officer Torres further testified that Lee stated that she moved to get away from Traylor and blocked him on her phone.

{¶ 7} Lee testified that Traylor is her ex-boyfriend and the father of two of her children. Lee testified that she met Traylor in 2010, which was when she was 18 years old, and they started dating around her 21st birthday. When describing their relationship, Lee stated that she enjoyed it at first, but it had been terrible recently. The relationship started to change after the birth of their first child in 2017. She felt that Traylor was jealous of the attention she gave their new child. Traylor quit his

---

[1] Prior to trial, the court issued an ex parte temporary protection order against Traylor for Lee and her children.

job, which also put a strain on the relationship. Lee testified that she left Traylor when their son was three months old.

{¶ 8} The City asked Lee whether there was any abuse in the relationship. Lee answered that prior to the birth of their child, Traylor, on one occasion, punched her in the eye causing her to sustain an orbital fracture. Lee did not call police for that incident because she felt like she had been argumentative. Lee also testified that there had been past incidents of Traylor choking her. Defense counsel objected, and the objection was sustained.

{¶ 9} With regard to the Cash App messages, the City introduced two exhibits, which were two separate Cash App messages sent from Traylor to Lee. Lee testified that they communicated this way because she blocked his calls. Traylor requested one dollar from Lee accompanied by a message stating, "I got something for you miserable b*****." (Tr. 28.) Lee testified that this was sent on September 14, 2022, at 8:09 a.m. Lee testified that she did not know how to take this message because "this is the person who's kicked my door down, attacked me[.]" (Tr. 28.) She testified that it was not normal for her to get messages like this. With the second message, Lee testified that Traylor requested one dollar and said, "for try[ing] to be bigger person[.]" (Tr. 28.) Lee testified that the message was followed by a fire emoji and a bridge or structure emoji. This message was sent at 8:24 a.m. After receiving these messages, Lee called the police as well as children and family services.

{¶ 10} Following the conclusion of trial, the court found Traylor guilty of both counts. The court explained that it found Lee's testimony to be credible. The

court also explained it believed that Traylor only sent the Cash App messages for the purpose of communicating a threat. The court sentenced Traylor to one year active probation, which included anger management. The court issued a fine of $1,000 on each count, with $800 of each fine suspended, and waived costs. The court also terminated the protection order and issued a no-contact order. Traylor now appeals his convictions.

## II. Law and Analysis

{¶ 11} Within Traylor's three assigned errors, Traylor argues that the court erred by permitting Lee to testify about the prior times Traylor physically assaulted and threatened her. Traylor further argues defense counsel was ineffective for failing to: (1) object to this evidence; (2) raise the issue that he was not provided reasonable notice of these other acts as required by Evid.R. 404(B); and (3) demand a bill of particulars.[2]

### A. Lee's Testimony

{¶ 12} During Lee's direct examination, she testified that Traylor was her ex-boyfriend and the father of two of her children. After the birth of their first child, their relationship started to change. The prosecutor asked Lee if there was any abuse in their relationship, the following exchange then took place:

---

[2] In the third assignment of error, Traylor also appears to be raising a sufficiency-of-the-evidence argument through ineffective assistance of counsel for defense counsel's failure to inquire if Cash App is a communication device under C.C.O. 621.06 — Telecommunications Harassment. We decline to address this portion of his argument because Traylor fails to support it with any relevant legal authority as required under App.R. 12 and 16.

[LEE]: Prior to having our [first child] we had got into an argument, a fight and he had punched me in the eye. I got an orbital fracture. I didn't call the Police because I felt like because I was being argumentative in that fight so I kind of waived that red flag off. But then after that there were incidents where he had choked me[.]

[CITY]: Okay.

[DEFENSE COUNSEL]: I would object to this. There's no evidence that's noted not (inaudible) prior to —

[LEE]: We went to Court for one of them —

[CITY]: Miss Lee, Miss Lee, please. Thank you.

[DEFENSE COUNSEL]: — prior to (inaudible).

[CITY]: I'm about to move on, your Honor.

[COURT]: All right. I'm still thinking about whether or not to overrule or sustain the objection. It's also personal history, however. All right. So, I'll sustain the objection and you can move on, please.

[CITY]: Yes, your Honor.

(Tr. 24-25.)

{¶ 13} Then when describing how she felt after receiving the first Cash App message from Traylor, Lee stated that she "really didn't know how to take that. Like this is the person who's kicked my door down, attacked me[.]" (Tr. 28). Defense counsel did not object to this portion of Lee's testimony.

## B. The Trial Court and Evid.R. 404(B)

{¶ 14} Traylor argues that the trial court failed to apply Evid.R. 404(B) and failed to make any determination that the City provided reasonable notice prior to trial of its intent to use other acts evidence. Traylor further argues that by failing to

examine if Lee's testimony created any exceptions in Evid.R. 404(B), the trial court allowed prejudicial evidence into the record.

{¶ 15} The admission or exclusion of evidence rests within the sound discretion of the trial court. *State v. Sage*, 31 Ohio St.3d 173, 180, 510 N.E.2d 343 (1987). An abuse of discretion occurs when a court exercises "its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35. As the gatekeeper of the evidence, the trial court "must be cognizant of the evidence the state is attempting to admit into evidence. If the state fails to comport with the basic requirements under the law, the trial court is obligated to exclude such evidence, even if no objection is raised." *State v. Walker*, 8th Dist. Cuyahoga No. 110741, 2022-Ohio-1238, ¶ 32.

{¶ 16} Traylor contends the court failed to apply Evid.R. 404(B) to the above testimony. Evid.R. 404(B) provides:

(1) Prohibited uses. Evidence of any other crime, wrong or act is not admissible to prove the person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2) Permitted uses; notice. This evidence may, be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. The proponent of evidence to be offered under this rule shall:

(a) provide reasonable notice of any such evidence the proponent intends to introduce at trial so that an opposing party may have a fair opportunity to meet it;

(b) articulate in the notice the permitted purpose for which the proponent intends to offer the evidence, and the reasoning that supports the purpose; and

(c) do so in writing in advance of trial, or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

{¶ 17} In the instant case, Traylor was convicted of aggravated menacing under C.C.O. 621.06(a), which provides that "[n]o person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of such other person or member of his or her immediate family" and telecommunications harassment under C.C.O. 621.10(a)(3), which provides that "[n]o person shall knowingly make or cause to be made a telecommunication, or knowingly permit a telecommunication to be made from a telecommunications device under the person's control, to another, if the caller * * * [d]uring the telecommunication, violates Section 621.06[.]"

{¶ 18} We note that trial court sustained defense counsel's objection to the first part of the above testimony. As a result, we summarily overrule any portions of Traylor's assigned errors relating to this testimony because the court sustained the objection. *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 162, citing *Viox v. Weinberg*, 169 Ohio App.3d 79, 2006-Ohio-5075, 861 N.E.2d 909, ¶ 36 (1st Dist.) ("An appellant cannot predicate error on objections the trial court sustained."); *see also State v. Gibson*, 8th Dist. Cuyahoga No. 103958, 2016-Ohio-7778, ¶ 23.

{¶ 19} With regard to the remaining portion of Lee's testimony, we find that the court did not abuse its discretion by admitting this testimony even though the City did not afford Traylor any notice of using "other acts" evidence. This court has

previously held that "[i]n aggravated menacing cases where the victim's subjective belief that the offender will cause the victim physical harm is an element of the offense, 'evidence of a defendant's violent character is admissible to prove that the victim believed that the defendant would cause physical harm.'" *Cleveland v. Reynolds*, 8th Dist. Cuyahoga No. 105546, 2018-Ohio-97, ¶ 12, quoting *Cleveland v. McCoy*, 8th Dist. Cuyahoga No. 103276, 2016-Ohio-3451, ¶ 4. Even if this evidence is admissible, the court must still "'consider whether the probative value of the other acts evidence is substantially outweighed by the danger of unfair prejudice.'" *McCoy* at ¶ 5, quoting *State v. Williams*, 134 Ohio St.3d 521, 2012-Ohio-5695, 983 N.E.2d 1278, ¶ 20, citing Evid.R. 403.

{¶ 20} Here, in sustaining defense counsel's objection to the first portion of Lee's testimony, the court noted that it is "also personal history." (Tr. 24.) Traylor's previous acts of physical violence were relevant to proving Lee's subjective belief that Traylor would cause her physical harm when he sent her the following messages: "I got something for you miserable b*****" and "for try[ing] to be bigger person" with a fire emoji and a bridge emoji. (Tr. 28.) Importantly, Lee's testimony that Traylor "is the person who's kicked my door down, attacked me" does not encompass acts committed by Traylor that had no direct relevance to proving Lee's subjective belief that he would harm her. On this basis, we find that the court did not abuse its discretion by admitting the testimony. *Reynolds* at ¶ 14.

{¶ 21} Nonetheless, it does not appear from the record that the court gave much weight to this one sentence. The court stated that it found Lee's testimony to

be credible. The court did not believe that the Cash App messages were sent for the purpose of sending Lee one dollar. Rather, the court believed that the messages were sent for the purpose of communicating a threat. The court did not mention the "kicking my door down" other acts evidence when announcing its verdict. That single reference was far from being the sole basis of the court's verdict, and therefore, it was not so prejudicial that its admission into evidence denied Traylor a fair trial. *Reynolds* at ¶ 16.

### C. Ineffective Assistance of Counsel, Bill of Particulars, and Evid.R. 404(B)

{¶ 22} Traylor next contends that defense counsel's failure to demand or receive a bill of particulars, coupled with the failure to raise the reasonable notice issue under Evid.R. 404(B) and the failure to object to the other acts evidence, resulted in ineffective assistance of counsel.

{¶ 23} To establish ineffective assistance of counsel, Traylor must demonstrate that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defendant so as to deprive him of a fair trial. *State v. Trimble*, 122 Ohio St.3d 297, 2009-Ohio-2961, 911 N.E.2d 242, ¶ 98, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The failure to prove either prong of this two-part test makes it unnecessary for a court to consider the other prong. *State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000), citing *Strickland* at 697.

{¶ 24} Crim.R. 7(E) provides that "[w]hen the defendant makes a written request within twenty-one days after arraignment but not later than seven days before trial, or upon court order, the prosecuting attorney shall furnish the defendant with a bill of particulars setting up specifically the nature of the offense charge and of the conduct of the defendant alleged to constitute the offense." The bill of particulars issue raised by Traylor ultimately turns on the question of whether his "lack of knowledge concerning the specific facts a bill of particulars would have provided him actually prejudiced him in his ability to fairly defend himself." *State v. Chinn*, 85 Ohio St.3d 548, 569, 709 N.E.2d 1166 (1999).

{¶ 25} Here, the lack of a bill of particulars did not prejudice Traylor in his ability to effectively present his defense. A review of the record reveals that Traylor was adequately put on notice of the nature of the offenses charged and of the alleged conduct constituting the offenses via the indictment. Furthermore, defense counsel requested discovery at a pretrial on November 21, 2022. Traylor was on notice of the particular allegations against him and was prepared to proceed to a bench trial for both incidents in one trial. (Tr. 4.) Traylor is unable to demonstrate that the failure to request a bill of particulars actually prejudiced him in his ability to fairly defend himself. Therefore, we find his argument unpersuasive.

{¶ 26} With regard to the other acts evidence, Traylor contends that defense counsel's failure to object to Lee's testimony prejudiced him because the above testimony insinuates that he commits felonies. Traylor further contends that he was prejudiced by defense counsel's failure to raise the issue of reasonable notice as

required by Evid.R. 404(B). For the same reasons that we found the trial court's admission of the other acts was not an abuse of discretion, we likewise find that defense counsel was not ineffective. Traylor has not demonstrated that the failure to raise the reasonable notice issue under Evid.R. 404(B) and the failure to object to the other acts evidence prejudiced Traylor so as to deprive him of a fair trial.

{¶ 27} Accordingly, the first, second, and third assignments of error are overruled.

## III. Conclusion

{¶ 28} The court did not abuse its discretion by admitting testimony that Traylor "is the person who's kicked my door down, attacked me" even though the City did not afford him any notice of using "other acts" evidence. Traylor's previous acts of physical violence were relevant to proving Lee's subjective belief that Traylor would cause her physical harm when he sent her the Cash App messages. Defense counsel was not ineffective because Traylor is unable to demonstrate that the lack of a bill of particulars, the failure to raise the reasonable notice issue under Evid.R. 404(B), and the failure to object to the other acts evidence prejudiced Traylor's ability to receive a fair trial.

{¶ 29} Accordingly, the judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

ANITA LASTER MAYS, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR